United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Federal Trade Commission, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-25046-Civ-Scola |
| | ) | |
| On Point Global LLC and others, | ) | |
| Defendants. | ) | |

## Order Denying the Defendants' Motion for Expedited Discovery

Now before the Court is the Defendants' Expedited Motion for Expedited Discovery. (ECF No. 46.) The Defendants seek the Court's leave to conduct expedited discovery in connection with the preliminary injunction hearing on January 10, 2020 and attach their proposed document requests and depositions to their motion. (ECF No. 46-1, 46-2.) For the reasons set forth below, the Court **denies** the Defendants' motion (**ECF No. 46**).

### 1. Legal Standard

"Discovery is normally barred prior to the Rule 26(f) conference." *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (Pizzo, J.); *see also* Fed. R. Civ. P. 26(d)(1). Although the Federal Rules do not provide a standard for determining whether expedited discovery under Rule 26(d) is warranted, "courts have generally adopted one of two approaches in determining a party's entitlement to such discovery: (1) the preliminary injunction-style analysis set out in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982) or (2) a general 'good cause' or 'reasonableness' standard which allows expedited discovery when the need for it outweighs the prejudice to the responding party." *In re Chiquita Brands International, Inc.*, 2015 WL 12601043, *3 (S.D. Fla. Apr. 7, 2015) (Marra, J.).

The Eleventh Circuit has not adopted a standard for allowing expedited discovery. However, many district courts within the Eleventh Circuit have expressly used a general good cause standard when confronted with expedited discovery requests. *See, e.g., In re Chiquita Brands International, Inc.*, 2015 WL 112601043 at *4; *TracFone Wireless, Inc. v. Holden Property Services LLC*, 299 F.R.D. 692 (S.D. Fla. 2014) (Torres, J.); *Pulsepoint, Inc. v. 7657030 Canada Inc.*, 2013 WL 12158589, *1 (S.D. Fla. Oct. 31, 2013) (Matthewman, J.); *Nassau*

*Terminals, Inc. v. M/V Bering Sea*, 1999 WL 1293476 (M.D. Fla. July 1, 1999) (Corrigan, J.).

### 2. Analysis

Even under the lower good cause standard, the Defendants have failed to demonstrate the need for expedited discovery. In determining whether good cause exists, the court should weigh the need for quick discovery against the prejudice to the responding party. *See In re Chiquita Brands International, Inc.*, 2015 WL 112601043 at *4. Good cause may be found where there is "some impelling urgency," or "hazard of loss," requiring action to be "taken forthwith." *See GE Seaco Servs., Ltd. v. Interline Connection, N.V.*, 2010 WL 1027408, at *1 (S.D. Fla. Mar. 18, 2010) (Seitz, J.) (citations omitted).

The Defendants' motion states that they seek expedited discovery to "understand the basis for the FTC's charges and determining the basis for the statements in the witness affidavits submitted in support of the FTC's TRO." (ECF No. 46 at 3.) The proffered reason does not constitute good cause to allow for extensive expedited discovery in the eight-day period that remains before the preliminary injunction hearing. The factual questions relevant to the issuance of the preliminary injunction pertain to the Defendants' own actions—i.e. whether Defendants likely operated deceptive websites, whether the Defendants' business entities likely acted as a common enterprise, and whether the individual defendants' authority, actions, and knowledge justify holding them individually liable. (ECF No. 46 at 3.) Discovery is not needed to obtain this information because the Defendants already have unique knowledge of their own actions, and thus, the need for expedited discovery is low.

Moreover, allowing the expedited discovery would be prejudicial and burdensome to the FTC. The Defendants seek the Court's leave to conduct three depositions and issue extensive document requests, and only eight days remain before the hearing. Obtaining the requested discovery in such a limited time is burdensome and should only be allowed in narrow circumstances. Such circumstances do not exist here.

**Done and ordered** at Miami, Florida, on January 2, 2020.

_____
Robert N. Scola, Jr.
United States District Judge