United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Federal Trade Commission,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 19-25046-Civ-Scola<br>) |
| On Point Global LLC and others,<br>Defendants. | )<br>)<br>) |

## **Order on Robert Zangrillo's Motion for Limited Relief from Asset Freeze**

Now before the Court is the Defendant Robert Zangrillo's motion for limited relief from the asset freeze. Zangrillo requests access to some of his assets to pay his criminal attorneys in a criminal matter pending against him in the District of Massachusetts. For the reasons set forth below, the Court **denies** Zangrillo's motion (**ECF No. 171**).

Zangrillo argues that the Court must grant his motion due to his Sixth Amendment right to counsel and that *Luis v. United States* requires the Court to allow him to use untainted assets to pay for his attorney of choice. 136 S.Ct. 1083 (2016). In *Luis*, the defendant was charged with a number of healthcare-related crimes. *Id.* at 1087. The government alleged that Luis had fraudulently obtained nearly $45 million, most of which she already spent. *Id.* In an effort to preserve the remaining $2 million, the government sought a pretrial order freezing Luis's assets pursuant to 18 U.S.C. § 1345(a)(2). *Id.* at 1088. And the district court granted the motion, freezing up to the equivalent value of the proceeds of the Federal health care fraud ($45 million.) *Id.* "Although the District Court recognized that the order might prevent Luis from obtaining counsel of her choice, it held 'that there is no Sixth Amendment right to use untainted, substitute assets to hire counsel.'" *Id.* at 1088 (*citing United States v. Luis*, 966 F. Supp. 2d 1321, 1334 (S.D. Fla. 2013)). The Eleventh Circuit upheld the district court. *See* 564 Fed. App'x 493, 494 (2014).

The Supreme Court granted certiorari, and, in a plurality opinion, held that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." *Luis*, at 1088. Justice Thomas's concurrence constituted the majority's fifth vote. His concurrence clarifies that an incidental burden on a defendant's right to counsel does not violate that right. *Luis*, at 1101-02. The Court vacated the judgment of the

Eleventh Circuit and remanded for further proceedings. All of the proceedings occurred in Luis's criminal case.

The facts in *Luis* are vastly different than the circumstances here with Zangrillo's separate and unrelated criminal and civil cases proceeding in different jurisdictions. This is a civil case, and this Court's asset freeze is completely unrelated to the prosecution of Zangrillo for paying bribes to secure his daughter's college admission that is pending in the District of Massachusetts. In this case, the Court properly froze Zangrillo's assets because there is good cause to believe that he violated the FTC Act, 15 U.S.C. § 45(a), and that the asset freeze is required to grant final, effective relief to consumers. (ECF No. 126.) A receiver has been appointed by the Court to control Zangrillo's assets, and *Luis* does not address assets held by a receiver in a civil case. Crucially, Zangrillo has not cited to any case that extends the holding of *Luis* to a situation where a court was constitutionally required to unfreeze assets in a civil case to pay for a criminal attorney in an unrelated case. There is no Sixth Amendment violation when Zangrillo was denied access to funds to hire an attorney when the funds were held by the receiver pursuant to court order in a civil case in another jurisdiction. *See, e.g., United States v. Johnson*, 2016 WL 4087351, at *2-3 (D. Utah July 28, 2016) (FTC asset freeze in a case pending in the District of Nevada did not violate his Sixth Amendment right to an attorney in a criminal case pending in the District of Utah); *FTC v. Liberty Supply Co.*, 2016 WL 4182726, at *3 n. 2 (E.D. Tex. Aug. 8, 2016) (holding in a footnote that *Luis* did not apply to a civil asset freeze).

Any effect of this Court's asset freeze on Zangrillo's right to counsel of his choice is incidental. Justice Thomas's concurrence that formed the crucial fifth vote of the majority in *Luis* emphasized that incidental burdens on the right to counsel are constitutional. *Luis*, 136 S.Ct. at 1101. "For the most part, the Court's precedents hold that a generally applicable law placing only an incidental burden on a constitutional right does not violate that right." *Id.* at 1101-02; *see also, Employment Div. v. Smith*, 494 U.S. 875, 878 (1990) ("If prohibiting the exercise of religion . . . is not the object of the tax but merely the incidental effect of a generally applicable and otherwise valid provision, the First Amendment has not been offended"); *Ruggiero v. FCC*, 317 F.3d 239, 244 (D.C. Cir. 2003) (noting that "structural" regulation of the broadcast industry receives only minimal scrutiny despite its "indirect effect upon speech"). The FTC Act allows courts to grant asset freezes, and any effect these asset freezes may have on the right to counsel in unrelated criminal cases is incidental. Therefore, this Court's asset freeze does not unconstitutionally burden Zangrillo's Sixth Amendment right to counsel of choice in his unrelated criminal case.

In sum, the Court **denies** Zangrillo's motion for limited relief from the asset freeze to pay for a criminal attorney (**ECF No. 171**).

**Done and ordered** at Miami, Florida, on April 8, 2020.

_____
Robert N. Scola, Jr.
United States District Judge