UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-CV-25046-SCOLA

FEDERAL TRADE COMMISSION,

           Plaintiff,

vs.

ON POINT GLOBAL LLC, ET AL.,

           Defendant.

## DEFENDANT BURTON KATZ'S ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Burton Katz ("Katz"), by and through undersigned counsel, submits this Answer to the Complaint (the "Complaint") (ECF No. 1) filed by Plaintiff the Federal Trade Commission ("FTC") and Affirmative Defenses.  Katz reserves the right to amend this Answer.

## GENERAL DENIAL

Katz does not respond to the headings included in the Complaint as they are descriptive, and no responses are required.  Except as expressly admitted herein, Katz denies each and every allegation in the Complaint.

## SPECIFIC RESPONSES

1.      Paragraph 1 of the Complaint sets forth legal conclusions that do not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 1.

## JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaint sets forth a legal conclusion that does not require a response.

3.      Paragraph 3 of the Complaint sets forth a legal conclusion that does not require a response.

## PLAINTIFF

4.      Paragraph 4 of the Complaint sets forth legal conclusions that do not require a response.

5.      Paragraph 5 of the Complaint sets forth legal conclusions that do not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 5.

## DEFENDANTS

6.      Paragraph 6 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 6, except that Katz admits that On Point Global LLC ("On Point") is a Delaware limited liability company and has a mailing address at 350 NE 60th St., Miami, FL 33137.

7.      Paragraph 7 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 7, except that Katz admits that On Point Employment LLC is a Delaware limited liability company and has a mailing address at 350 NE 60th St. Miami, FL 33137.

8.      Paragraph 8 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 8, except that Katz admits that On Point Guides LLC f/k/a/ Rogue Media Services LLC is a Delaware limited liability company and has a mailing address at 350 NE 60th St., Miami, FL 33137.

9.      Paragraph 9 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 9, except that Katz admits that DG DMV LLC is a Delaware limited liability company and has a mailing address at 350 NE 60th St., Miami, FL 33137.

10.      Paragraph 10 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 10, except that Katz admits that On Point Domains LLC is a Delaware limited liability company and has a mailing address at 350 NE 60th St., Miami, FL 33137.

11.      Paragraph 11 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 11, except that Katz admits that Final Draft Media LLC is a Delaware limited liability company and has a mailing address at 350 NE 60th St., Miami, FL 33137.

12.      Paragraph 12 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 12 and therefore denies the same.

13.      Paragraph 10 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 10, except that Katz admits that

4828-7520-7867.1

Cambridge Media Series LLC f/k/a License America Media Series LLC is a Delaware limited liability company and has a mailing address at 350 NE 60th St., Miami, FL 33137.

14.     Paragraph 14 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 14, except that Katz admits that Issue Based Media LLC is a Delaware limited liability company and has a mailing address at 350 NE 60th St., Miami, FL 33137.

15.     Paragraph 15 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 15, except that Katz admits that Bella Vista Media Ltd. d/b/a BV Media is a Costa Rican entity.

16.     Paragraph 16 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 16, except that Katz admits that Carganet S.A. d/b/a G8 Labs is a Uruguayan entity.

17.     Paragraph 17 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent and answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore denies the same.

18.     Paragraph 18 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 18 and therefore denies the same.

19.     Paragraph 19 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 19 and therefore denies the same.

20.     Paragraph 20 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 20, except that Katz admits that Direct Market LLC is a Delaware limited liability company and has a mailing address at 350 NE 60th St., Miami, FL 33137.

21.     Paragraph 21 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 21 and therefore denies the same.

22.     Paragraph 22 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 22 and therefore denies the same.

23.     Paragraph 23 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 23 and therefore denies the same.

24.     Paragraph 24 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent

4828-7520-7867.1

an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 24 and therefore denies the same.

25.     Paragraph 25 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 25 and therefore denies the same.

26.     Paragraph 26 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 26 and therefore denies the same.

27.     Paragraph 27 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 27 and therefore denies the same.

28.     Paragraph 28 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 28 and therefore denies the same.

29.     Paragraph 29 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 29 and therefore denies the same.

30.     Paragraph 30 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz denies the allegations in paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 31 and therefore denies the same.

32.     Paragraph 32 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 32 and therefore denies the same.

33.     Paragraph 33 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 33 and therefore denies the same.

34.     Paragraph 34 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 34 and therefore denies the same.

35.     Paragraph 35 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 35 and therefore denies the same.

36.     Paragraph 36 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to from a belief about the truth of the allegations in paragraph 36 and therefore denies the same.

37.     Paragraph 37 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 37 and therefore denies the same.

38.     Paragraph 38 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 38 and therefore denies the same.

39.     Paragraph 39 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 39 and therefore denies the same, except that Katz admits that Panther Media LLC has a mailing address at 350 NE 60th St., Miami, FL 33137.

40.     Paragraph 40 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 40 and therefore denies the same.

41.     Paragraph 41 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent

8

a response is required, Katz denies the allegations in paragraph 41, except that Katz admits that Pivot Media LLC is a Delaware limited liability company and has a mailing address at 350 NE 60th St., Miami, FL 33137.

42.     Paragraph 42 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 42 and therefore denies the same.

43.     Paragraph 43 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 43 and therefore denies the same.

44.     Paragraph 44 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 44 and therefore denies the same.

45.     Paragraph 45 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 45 and therefore denies the same.

46.     Paragraph 46 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 46 and therefore denies the same.

47.     Paragraph 47 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 47 and therefore denies the same.

48.     Paragraph 48 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 48 and therefore denies the same.

49.     Paragraph 49 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 49 and therefore denies the same.

50.     Paragraph 50 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 50 and therefore denies the same.

51.     Paragraph 51 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 51, except that Katz admits that Bronco Family Holdings LP is a Bahamas Partnership.

52.     Paragraph 52 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent

an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 52 and therefore denies the same.

53.     Paragraph 53 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 53 and therefore denies the same.

54.     Paragraph 54 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 54 and therefore denies the same.

55.     Paragraph 55 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 55 and therefore denies the same.

56.     Paragraph 56 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 56 and therefore denies the same.

57.     Paragraph 57 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 57 and therefore denies the same.

58.     Paragraph 58 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 58 and therefore denies the same.

59.     Paragraph 59 of the Complaint sets forth the legal conclusions "principal place of business" and "transacts or has transacted business" that do not require a response.  To the extent an answer is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 59 and therefore denies the same.

60.     Paragraph 60 of the Complaint does not require a response because it does not set forth a factual allegation.  To the extent a response is required, Katz denies that these entities have been collectively referred to as "Corporate Defendants."   Further, Katz objects to the use of inappropriate group pleading throughout the Complaint making it impossible to respond to many of the Complaint's allegations.

61.     Paragraph 61 of the Complaint consists of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in Paragraph 61, except that Katz admits that he is a founder and was the chief executive officer of On Point and an owner and a member of Bronco Family Holdings LP.

62.     Paragraph 62 of the Complaint consists of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 62, except that Katz admits that, from time to time, he signed certain documents on behalf of certain of the corporate entity Defendants, was a signatory on certain corporate entity Defendant depository accounts, and is an owner of certain corporate entity Defendants.

4828-7520-7867.1

63.     Paragraph 63 of the Complaint sets for the legal conclusion "transacts or has transacted business" that does not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 63, except that Katz admits that he "resides in this District."

64.     Paragraph 64 of the Complaint consists of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 64 and therefore denies the same, except that Katz admits that Brent Levison ("Levison") was the chief administrative officer and general counsel of On Point and, as part of his role at On Point, performed an administrative function for BV Media, a limited partner of BAL Family LP, a member of Eagle Media LLC, and signed certain legal documents on behalf of certain of the corporate entity Defendants.

65.     Paragraph 65 of the Complaint consists of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations of paragraph 65, except that Katz admits that Levison was a signatory on certain corporate entity Defendants' depository accounts.  Levison's LinkedIn profile speaks for itself, and to the extent any of the allegations in paragraph 65 are inconsistent with Levison's LinkedIn profile, Katz denies them.

66.     Paragraph 66 of the Complaint sets forth the legal conclusion "transacts or has transacted business" that does not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 66, except that Katz admits that Levison "resides in this District."

67.     Paragraph 67 of the Complaint consists of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in

paragraph 67, except that Katz admits that Robert Zangrillo ("Zangrillo") is a manager of On Point Capital Partners LLC.  Zangrillo's LinkedIn profile speaks for itself and to the extent that any of the allegations in paragraph 67 are inconsistent with or mischaracterize the LinkedIn profile, Katz denies the same.

68.     Paragraph 68 of the Complaint sets for the legal conclusion "transacts or has transacted business" that does not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 68, except that Katz admits that Zangrillo "resides in this District."

69.     Paragraph 69 of the Complaint consists of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 69, except that Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 69 that Arlene Mahon ("Mahon") is "the senior vice president, chief financial officer, officer, and owner of Waltham Technologies" and therefore denies the same.

70.     Paragraph 70 of the Complaint consists of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 70 of the Complaint and therefore denies the same, except that Katz denies the allegations in the first sentence in paragraph 70.

71.     Paragraph 71 of the Complaint sets forth the legal conclusion "transacts or has transacted business" that does not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 71, except that Katz admits that Mahon "resides in this District."

72.     Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 72 of the Complaint and therefore denies the same, except that Katz admits that Elisha Rothman ("Rothman") was a director of data processing at On Point and an owner and manager of Yamazaki Media LLC.

73.     Paragraph 73 of the Complaint consists of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 73 and therefore denies the same, except that Katz (i) admits that Rothman is a signatory on certain corporate entity Defendant depository accounts; and (ii) denies the last sentence of paragraph 73.

74.     Paragraph 74 of the Complaint sets for the legal conclusion "transacts or has transacted business" that does not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 74, except that Katz admits that Rothman "resides in this District."

75.     Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 75 of the Complaint and therefore denies the same, except that Katz admits that Christopher Sherman ("Sherman") was a director of data processing at On Point and an owner and manager of 714 Media Ltd.

76.     Paragraph 76 of the Complaint consists of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 76 and therefore denies the same, except that Katz (i) admits that Sherman registered certain domains for certain corporate entity Defendants; and (ii) denies that Sherman registered certain domains for certain corporate entity Defendants "to gather consumers' personal information."

77.     Paragraph 77 of the Complaint sets forth the legal conclusion "transacts or has transacted business" that does not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 77, except that Katz admits that Sherman "resides in this District."

78.     Paragraph 78 does not require a response because it does not set forth a factual allegation.  To the extent a response is required, Katz denies that these individuals have been collectively referred to as "Individual Defendants."   Further, Katz objects to the use of inappropriate group pleading throughout the Complaint making it impossible to respond to many of the Complaint's allegations.

79.     Paragraph 79 does not require a response because it does not set forth a factual allegation.  To the extent a response is required, Katz denies that these entities and individuals have been collectively referred to as "Defendants."

## COMMON ENTERPRISE

80.     Paragraph 80 of the Complaint consists of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 80.

81.     Paragraph 81 of the Complaint consists of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 81.

82.     Paragraph 82 of the Complaint consists of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 82.

83.     The first sentence of paragraph 83 does not require a response because it does not set forth a factual allegation.  To the extent it does require a response, Katz denies that these entities have been collectively referred to as "Transaction Entities."  The remaining allegations in paragraph 83 consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the remaining allegations in paragraph 83, except that Katz admits that certain corporate entity Defendants have depository accounts and credit-card processing accounts.

84.     The first sentence of paragraph 84 does not require a response because it does not set forth a factual allegation.  To the extent it does require a response, Katz denies that these entities have been collectively referred to as "Operating Entities."  The remaining allegations in paragraph 84 consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the remaining allegations in paragraph 84.

85.     The phrase in the first sentence of paragraph 85 of the Complaint, "On Point Global, On Point Employment, and On Point Guides (collectively, "On Point Defendants")," does not require a response because it does not set forth a factual allegation.  To the extent a response is required, Katz denies that these entities have been collectively referred to as "On Point Defendants."  The remaining allegations in paragraph 85 consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the remaining allegations in paragraph 85, except that Katz admits that certain corporate entity Defendants hire various employees, including writers and content developers, and On Point branding is used on certain social media, company websites, and job listings.

86.     The allegations in paragraph 86 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies

4828-7520-7867.1

the allegations in paragraph 86, except that Katz admits that BV Media operates an inbound call center in Costa Rica, among other things, G8 Labs performs web development in Uruguay, among other things, Levison, as part of his former role as chief administrative officer at On Point, performed administrative tasks for BV Media, Karla Jinesta manages BV Media, and Ramiro Baluga manages G8 Labs. The unidentified "social media postings," "OnPoint Defendants' website," and Katz's "LinkedIn post" speak for themselves, and to the extent any of the allegations in paragraph 86 are inconsistent with the "social media postings," "LinkedIn post," and "OnPoint Defendants' website," Katz denies them.

87. Katz denies the allegations in paragraph 87 of the Complaint, except that Katz admits that BV Media operates an inbound call center, among other things.

88. Katz denies the allegations in paragraph 88 of the Complaint.

89. Katz denies the allegations in paragraph 89 of the Complaint, except that Katz admits that DG DMV was organized in 2015, and a Dragon Global employee signed and filed its Florida registration papers and provide her Dragon Global email address as the contact.

90. The allegations in paragraph 90 of the Complaint consist of inappropriate group pleading, which makes a response impossible. To the extent a response is required, Katz denies the allegations in paragraph 90 of the Complaint.

91. The phrase "Dragon Global, Dragon Global Management, and Dragon Global Holdings (collectively, 'Dragon Global Defendants')" in the first sentence of paragraph 91 of the Complaint does not require a response because it does not set forth a factual allegation. To the extent it does require a response, Katz denies that these entities have been collectively referred to as "Dragon Operating Defendants." The remaining allegations in paragraph 91 consist of inappropriate group pleading, which makes a response impossible. To the extent a response is

required, Katz denies the allegations in paragraph 91.  The "Dragon Global Defendants' website" speaks for itself and to the extent the allegations in paragraph 91 are inconsistent with the website, Katz denies them.

92.     Katz denies the allegations in paragraph 92 of the Complaint.

93.     The allegations in paragraph 93 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 93, except that Katz admits that Rothman and Sherman were directors of data processing at On Point and Direct Market team members.  The Direct Market website speaks for itself and to the extent that the allegations in paragraph 93 are inconsistent with the website, Katz denies them.

94.     The first sentence of paragraph 94 of the Complaint does not require a response because it does not set forth a factual allegation.  To the extent it does require a response, Katz denies that these entities have been collectively referred to as "Holding Companies."  The remaining allegations in paragraph 94 consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the remaining allegations in paragraph 94.

95.     Katz denies the allegation in Paragraph 95 of the Complaint, except that Katz (i) admits that Bronco Family Holdings LP holds an ownership interest in On Point, is a Bahamas partnership consisting of himself and his wife Marjan Katz, they both are U.S. citizens who reside in Miami, Florida, and Bronco Family Holdings LP has no employees and conducts no activities other than holding Katz's assets; and (ii) is without information sufficient to form a belief about the truth of the allegation that Bronco Family Holdings LP often uses Katz's home address in Miami when conducting financial transactions and therefore denies the same.

96.     Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 96 of the Complaint and therefore denies the same, except that Katz denies that BAL Family LP "received proceeds from the operation described in this Complaint.".

97.     Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 97 of the Complaint and therefore denies the same, except that Katz (i) admits that Levison is a U.S. citizen who resides in Miami, Florida, and Cardozo Holdings LLC holds an ownership interest in On Point; and (ii) denies that Cardozo Holdings LLC "received proceeds from the operation described in this Complaint."

98.     Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 98 of the Complaint and therefore denies the same, except that Katz (i) admits that Sherman is a U.S. citizen who resides in Miami, Florida, and (ii) denies that "714 Media holds Sherman's interests in the corporate Defendants and receives his proceeds from the operation described in the Complaint."

99.     Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 99 of the Complaint and therefore denies the same, except that Katz  (i) admits that Rothman is a U.S. citizen who resides in Miami, Florida, and Mac Media Ltd. holds an ownership interest in On Point; and (ii) denies that Mac Media Ltd. "receives [Rothman's] proceeds from the operation described in this complaint."

100.    Katz denies the allegations in paragraph 100 of the Complaint, except that Katz (i) admits that Zangrillo is a manager of On Point Capital Partners LLC and On Point Capital Partners LLC holds certain third party investment assets; and (ii) is without knowledge sufficient to form a belief about the truth of the allegations that On Point Capital Partners LLC "has no place of business or employees" and conducts no other activities and therefore denies the same.

101.    Katz denies the allegations in paragraph 101 of the Complaint.

102.    Katz denies the allegations in paragraph 102 of the Complaint, except Katz admits that he was the chief executive officer of On Point, Rothman and Sherman were directors of data processing at On Point and members of Direct Market's team, Levison was On Point's chief administrative officer and general counsel and, as part of his role as chief administrative officer at On Point, performed administrative tasks for BV Media, Karla Jinesta manages BV Media, and Ramiro Baluga is On Point's VP of Publishing and CEO of G8 Labs.

103.    The allegations in paragraph 103 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 103, except that Katz admits that Issue Based Media LLC leased or leases office space at 425 NW 26th St. and 900 N. Federal Highway in Boca Raton, and Katz is without knowledge sufficient to form a belief about the allegations in the second to last sentence of paragraph 103 and therefore denies the same.

104.    The allegations in paragraph 104 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 104 of the Complaint.

105.    The allegations in paragraph 105 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 105 of the Complaint, except that Katz admits that certain corporate entity Defendants use "On Point" or "On Point Global" branding.  The referenced LinkedIn profiles and "consumer-facing websites" speak for themselves, and to the extent any of the allegations in paragraph 105 are inconsistent with the LinkedIn profiles or "consumer-facing websites," Katz denies them.

4828-7520-7867.1

106.    The allegations in paragraph 106 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 106.

107.    Paragraph 107 of the Complaint sets forth legal conclusions that do not require a response.  The allegations in paragraph 107 of the Complaint also consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 107.

## COMMERCE

108.    Paragraph 108 sets forth a legal assertion that does not require a response. To the extent a response is required, Katz denies all allegations in paragraph 108.

## DEFENDANTS' BUSINESS ACTIVITIES

109.    The allegations in paragraph 109 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 109.

110.    The allegations in paragraph 110 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 110.

111.    The allegations in paragraph 111 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 111.

112.    The allegations in paragraph 112 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 112.

113.     The allegations in paragraph 113 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 113.

114.     The allegations in paragraph 114 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 114.

115.     The allegations in paragraph 115 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 115.

116.     The allegations in paragraph 116 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 116.

117.     The allegations in paragraph 117 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 117 of the Complaint, which allege the FTC's "test searches," and therefore denies the same.

**Motor Vehicle-Related Websites**

118.     The allegations in paragraph 118 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 118.

119.     The allegations in paragraph 119 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 119.

4828-7520-7867.1

120.    Katz denies the allegations in paragraph 120 of the Complaint.  The referenced website speaks for itself and to the extent any of the allegations in paragraph 120 are inconsistent with or characterize the website, Katz denies them.  Katz also objects to the embedded website image as an incomplete and/or misleading representation of the referenced website, including because the applicable ad copy and affirmative consumer consents are omitted.

121.    Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 121 of the Complaint, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same.  The referenced website speaks for itself and to the extent any of the allegations in paragraph 121 are inconsistent with or characterize the website, Katz denies them.  Katz also objects to the embedded website image as an incomplete and/or misleading representation of the referenced website, including because the applicable ad copy and affirmative consumer consents are omitted.

122.    The allegations in paragraph 122 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 122 of the Complaint, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same.  The referenced website speaks for itself and to the extent any of the allegations in paragraph 121 are inconsistent with or characterize the website, Katz denies them.

123.    The allegations in paragraph 123 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 123.  The referenced websites speak for themselves and to the extent any of the allegations in paragraph 123 are inconsistent with or characterize the websites, Katz denies them.

124.     The allegations in paragraph 124 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 124 of the Complaint, which appear to allege the FTC's navigation through the referenced websites, and therefore denies the same.  The referenced websites speak for themselves and to the extent any of the allegations in paragraph 124 are inconsistent with or characterize the websites, Katz denies them.  Katz also objects to the embedded website image as an incomplete and/or misleading representation of the referenced website, including because the applicable ad copy and affirmative consumer consents are omitted.

125.     The allegations in paragraph 125 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 125.  The referenced website speaks for itself and to the extent any of the allegations in paragraph 125 are inconsistent with or characterize the website, Katz denies them.  Katz also objects to the embedded website image as an incomplete and/or misleading representation of the referenced website.

126.     The allegations in paragraph 126 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 126.  The referenced websites speak for themselves and to the extent any of the allegations in paragraph 126 are inconsistent with or characterize the websites, Katz denies them.  Katz also objects to the embedded website image as an incomplete and/or misleading representation of the referenced website, including because the applicable ad copy and affirmative consumer consents are omitted.

127.    The allegations in paragraph 127 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 127.  The referenced websites speak for themselves and to the extent any of the allegations in paragraph 127 are inconsistent with or characterize the websites, Katz denies them.  Katz also objects to the embedded website text as an incomplete and/or misleading representation of the referenced website, including because the applicable ad copy and affirmative consumer consents are omitted.

128.    Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 128 of the Complaint, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same.  The referenced website speaks for itself and to the extent any of the allegations in paragraph 128 are inconsistent with or characterize the website, Katz denies them.  Katz also objects to the embedded website image as an incomplete and/or misleading representation of the referenced website including because the applicable ad copy and affirmative consumer consents are omitted.

129.    Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 129, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same.  The referenced website speaks for itself and to the extent any of the allegations in paragraph 129 are inconsistent with or characterize the website, Katz denies them.  Katz also objects to the embedded website image as an incomplete and/or misleading representation of the referenced website, including because the applicable ad copy and affirmative consumer consents are omitted.

130.     The allegations in paragraph 130 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 130.

131.     Katz denies the allegations in paragraph 131 of the Complaint.

132.     Katz denies the allegations in paragraph 132 of the Complaint.

133.     The allegations in paragraph 133 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 133.

134.     The allegations in paragraph 134 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz admits that the websites operated by certain of the Defendants do not advertise nor offer official drivers' licenses or vehicle registrations in all states.  With regard to drivers' licenses in certain states, however, the websites provide a service to populate the correct forms for the consumer to mail or bring to his or her respective DMV.  With regard to vehicle registration in certain states, the websites offer consumers an online concierge assistance service on behalf of the consumer for a small convenience fee.

**Defendants' State Licensing Websites**

135.     The allegations in paragraph 135 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 135, except that Katz admits that certain Defendants operated certain websites relating to hunting and fishing, including hunting-license.org and fishandgamelicenses.org.

136.    The allegations in paragraph 136 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations contained in paragraph 136 of the Complaint.

137.    The allegations in paragraph 137 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations contained in paragraph 137 of the Complaint, which alleges the FTC's use of a search engine, and therefore denies the same.

138.    The allegations in paragraph 138 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 138 of the Complaint, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same.  The referenced websites speak for themselves and to the extent any of the allegations in paragraph 138 are inconsistent with or characterize the websites, Katz denies them.

139.    Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 139 of the Complaint, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same.  The referenced website speaks for itself and to the extent any of the allegations in paragraph 139 are inconsistent with or characterize the website, Katz denies them.  Katz also objects to the embedded website image as an incomplete and/or misleading representation of the referenced website, including because the applicable ad copy is omitted.

140.    Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 140 of the Complaint, which appear to allege the FTC's navigation

4828-7520-7867.1

through the referenced website, and therefore denies the same.  The referenced website speaks for itself and to the extent any of the allegations in paragraph 140 are inconsistent with or characterize the website, Katz denies them.  Katz also objects to the embedded website image as an incomplete and/or misleading representation of the referenced website, including because the applicable ad copy and affirmative consumer consents are omitted.

141.   Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 141 of the Complaint, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same, except that Katz denies that a PDF obtained from the referenced website "includes general, publicly available information about fishing licenses, fishing skills, and fishing logistics."  The referenced website and PDF speak for themselves and to the extent any of the allegations in paragraph 141 are inconsistent with or characterize the referenced website or PDF, Katz denies them.

142.   The allegations in paragraph 142 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations contained in paragraph 142, except that Katz admits that certain corporate entity Defendants charge consumers for certain transactions on certain websites.

143.   The allegations in paragraph 143 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 143.

144.   The allegations in paragraph 144 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz admits the allegations in paragraph 144.

**Defendants' Public Benefits Websites**

145.   The allegations in paragraph 145 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 145, except that Katz admits that certain corporate entity Defendants operate certain websites that provide information regarding public benefits.  The referenced websites speak for themselves and to the extent any of the allegations in paragraph 145 are inconsistent with or characterize the reference websites, Katz denies them.

146.   The allegations in paragraph 146 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 146.

147.   The allegations in paragraph 147 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 147.

148.   The allegations in paragraph 148 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 148.

149.   The allegations in paragraph 149 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 149 .  The referenced websites speak for themselves and to the extent the allegations in paragraph 149 are inconsistent with or characterize the websites, Katz denies them.

150.   The allegations in paragraph 150 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz is without

knowledge sufficient to form a belief about the truth of the allegations in paragraph 150, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same. The referenced website speaks for itself and to the extent any of the allegations in paragraph 150 are inconsistent with or characterize the website, Katz denies them. Katz also objects to the embedded website image as an incomplete and/or misleading representation of the referenced website, including because the applicable ad copy and affirmative consumer consents are omitted.

151. The allegations in paragraph 151 of the Complaint consist of inappropriate group pleading, which makes a response impossible. To the extent a response is required, Katz denies the allegations in paragraph 151. The referenced website speaks for itself and to the extent the allegations in paragraph 151 are inconsistent with or characterize the website, Katz denies them.

152. The allegations in paragraph 152 of the Complaint consist of inappropriate group pleading, which makes a response impossible. To the extent a response is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 152 of the Complaint, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same. The website speaks for itself and to the extent any of the allegations in paragraph 152 are inconsistent with or characterize the website, Katz denies them. Katz also objects to the embedded website image as an incomplete and/or misleading representation of the referenced website, including because the applicable ad copy and affirmative consumer consents are omitted .

153. Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 153 of the Complaint, which appear to allege the FTC's navigation through the referenced websites, and therefore denies the same. The referenced websites speak

for themselves and to the extent the allegations in paragraph 153 are inconsistent with or characterize the website, Katz denies them.

154.    Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 154 of the Complaint, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same.  The referenced website speaks for itself and to the extent any of the allegations in paragraph 154 are inconsistent with or characterize the website, Katz denies them.  Katz also objects to the embedded website image as an incomplete and/or misleading representation of the referenced website, including because the applicable ad copy and affirmative consumer consents are omitted.

155.    Katz denies the allegations contained in paragraph 155 of the Complaint.  The referenced website speaks for itself and to the extent the allegations in paragraph 155 are inconsistent with or characterize the website, Katz denies them.

156.    Katz denies the allegations contained in paragraph 156 of the Complaint.  The referenced website speaks for itself and to the extent the allegations in paragraph 156 are inconsistent with or characterize the website, Katz denies them.

157.    Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 157 of the Complaint, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same.  The referenced website speaks for itself and to the extent the allegations in paragraph 157 are inconsistent with or characterize the website, Katz denies them.

158.    Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 158 of the Complaint, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same.  The referenced website speaks for

itself and to the extent the allegations in paragraph 158 are inconsistent with or characterize the website, Katz denies them.  Katz also objects to the embedded website image as an incomplete and/or misleading representation of the referenced website, including because the applicable ad copy and affirmative consumer consents are omitted.

159.   Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 159 of the Complaint, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same.  The referenced website speaks for itself and to the extent the allegations in paragraph 159 are inconsistent with or characterize the website, Katz denies them.

160.   Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 160 of the Complaint, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same.  The referenced website speaks for itself and to the extent the allegations in paragraph 160 are inconsistent with or characterize the website, Katz denies them.

161.   Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 161 of the Complaint, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same.  The referenced website speaks for itself and to the extent the allegations in paragraph 161 are inconsistent with or characterize the website, Katz denies them.  Katz also objects to the embedded website image as an incomplete and/or misleading representation of the referenced website, including because the applicable ad copy and affirmative consumer consents are omitted.

162.     The allegations in paragraph 162 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 162.

163.     The allegations in paragraph 163 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 163.

164.     The allegations in paragraph 164 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz is without knowledge sufficient to form a belief about the truth of the allegations in paragraph 164 of the Complaint, which appear to allege the FTC's navigation through the referenced website, and therefore denies the same, except that Katz denies that any PDF obtained from section-8-housing.org contained general, publicly available information about Section 8 housing vouchers. The referenced PDF speaks for itself and to the extent the allegations in paragraph 164 are inconsistent with or characterize the PDF, Katz denies them.

165.     The allegations in paragraph 165 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 165.

166.     The allegations in paragraph 166 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 166, except that Katz admits that certain websites operated by certain corporate entity Defendants collect certain data from consumers.

4828-7520-7867.1

167.    The allegations in paragraph 167 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 167.

168.    The allegations in paragraph 168 of the Complaint consist of inappropriate group pleading, which makes a response impossible.  To the extent a response is required, Katz denies the allegations in paragraph 168.

## VIOLATIONS OF THE FTC ACT

169.    Paragraph 169 of the Complaint sets forth a legal conclusion that does not require a response.  To the extent a response is required, paragraph 169 purports to characterize federal law which speaks for itself and any inference or allegation contrary thereto is denied.

170.    Paragraph 170 of the Complaint sets forth a legal conclusion that does not require a response.  To the extent a response is required, paragraph 170 purports to characterize federal law which speaks for itself and any inference or allegation contrary thereto is denied.

### Count I: Misrepresentations Related to Licensing and Motor Vehicle Services

171.    Katz denies the allegations in paragraph 171 of the Complaint.

172.    Katz denies the allegations in paragraph 172 of the Complaint, except that Katz admits that consumers cannot obtain a state motor vehicle license or other state license from any website operated by any Defendant.

173.    Katz denies the allegations in paragraph 173 of the Complaint.

### Count II: Misrepresentations Related to Public Benefits Services

174.    Katz denies the allegations in paragraph 174 of the Complaint.

4828-7520-7867.1

175.    Katz denies the allegations of paragraph 175 of the Complaint, except that Katz admits that consumers cannot obtain eligibility determinations on any website operated by any Defendant.

176.    Katz denies the allegations in paragraph 176 of the Complaint.

## CONSUMER INJURY

177.    Katz denies the allegations in paragraph 177 of the Complaint.

## THIS COURT'S POWER TO GRANT RELIEF

178.    Paragraph 178 of the Complaint sets forth a legal conclusion that does not require a response.  To the extent a response is required, Katz denies the allegations in paragraph 178.

## PRAYER FOR RELIEF

With respect to the Wherefore clause, Katz specifically denies that the FTC is entitled to any of the demands or prayers for relief as described in the Complaint.  Katz further asserts that he is entitled to judgment in his favor as well as his costs and reasonable attorney's fees.

## DEFENSES AND AFFIRMATIVE DEFENSES

Katz asserts the following Affirmative Defenses and reserves the right to amend his Answer and Affirmative Defenses based upon information obtained in the course of litigation.

### FIRST AFFIRMATIVE DEFENSE

The FTC's claims fail because Defendants provided appropriate disclaimers and other informational disclosures to consumers regarding the products and services that certain Defendants offered, and obtained affirmative consents from consumers before they purchased any products or services or provided any data.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they violate Katz's rights under the First Amendment of the Constitution regarding commercial speech.

## THIRD AFFIRMATIVE DEFENSE

The FTC's request for penal, monetary relief, including disgorgement or restitution, or ancillary relief to restrain assets for the benefit of those remedies, are not authorized in this proceeding.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

The claims for injunctive relief are barred as not being in the public interest.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims based on allegedly "unfair practices" are barred because the statute and cause of action are unconstitutionally vague.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations and doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because through representations or actions it has waived its claims against Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing this action under the equitable doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred because it violates Katz's Due Process Rights.

## ELEVENTH AFIRMATIVE DEFENSE

Plaintiff's claims are barred because Katz is not individually liable for the conduct pled in the Complaint.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Katz demands a trial by jury on all issues so triable.

Dated: May 7, 2020

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: *s/ Robert W. Thielhelm, Jr.*
Robert W. Thielhelm, Jr.
Florida Bar No. 889679
BAKER HOSTETLER
200 South Orange Avenue
Suite 2300
Orlando, FL 32801-3432
Telephone: 407.649.4000
Facsimile: 407.841.0168
Email: rthielhelm@bakerlaw.com

-and-

Jonathan B. New*
Jimmy Fokas*
Patrick T. Campbell*
Jeffrey D. Martino*
Lauren P. Lyster*
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
*ADMITTED PRO HAC VICE

*Attorneys for Burton Katz, Brent Levison,
Elisha Rothman and Christopher Sherman.*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on May 7, 2020, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to

all counsel of record.

*s/Robert W. Thielhelm, Jr.*
Robert W. Thielhelm, Jr.

4828-7520-7867.1