United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Federal Trade Commission,<br>Plaintiff,<br><br>v.<br><br>On Point Global LLC and others,<br>Defendants. | )<br>)<br>)<br>)  Civil Action No. 19-25046-Civ-Scola<br>)<br>)<br>)<br>) |

### Order on the Receiver's Motion to Approve Templates

Now before the Court is the Receiver's motion to approve modified templates for entity Defendants' websites. On May 18, 2020, the Court conducted a hearing on the Receiver's motion. After considering the written submissions, the arguments of counsel, the record, and relevant legal authorities, the Court **grants in part** the Receiver's motion (**ECF No. 169**). The Court approves the Receiver's templates with four required adjustments as set forth below.

In her report, the Receiver reasoned that the information provided via the freemium sites and the various services provided to consumers on the pay-for-services sites could be beneficial to consumers if they operated in a legal and nondeceptive way. (ECF No. 169 at ¶ 4.) Now she requests that the Court approve the templates of those sites that she asserts conform to the requirements of the Federal Trade Commission Act. She consulted with "two separate outside compliance counsel as well as outside counsel" to assist in preparing the modified website templates. (*Id.* at ¶ 9.) The FTC nevertheless objects to the proposal because it contends that the proposed websites are still misleading and still violate the FTC, which provides that "unfair or deceptive acts or practices in or affecting commerce . . . are . . . declared unlawful." 15 U.S.C. § 45(a)(1). At the hearing, the FTC proposed that the Court prohibit the websites from operating completely because the websites are inherently deceptive as the guides they offer do not have value. The sites allegedly cannot deliver the promised value.

The Receiver is a fiduciary for the Court with no interest in maintaining a business that deceives consumers, and instead, she seeks to propose changes to the Defendants' websites that comply with the law. Allowing the websites to continue to operate will allow the Receiver to more fully reimburse the consumers who were misled by the previous websites. Significantly, the Receiver has consulted with outside compliance counsel to ensure that her proposed changes

comply with the FTC Act, and outside counsel does not have a stake in this case nor an incentive to allow the websites to continue to operate deceptively. During the hearing, the Receiver assured the Court that she will continue to monitor the sites, to review any customer complaints, and to monitor any chargebacks in order to implement any further changes that may be required to ensure compliance with the FTC Act. Moreover, the Receiver's reply clarifies that disclaimers on the modified websites eliminate any previous, misleading statements. (ECF No. 188.) For example, the sites state plainly that they disclose consumer's data to marketing partners. (*Id.*)

The Court's task is not to decide whether these websites are good or bad, but rather to determine whether they are legally misleading. In light of all of the exemplary measures taken by the Receiver, the Court determines that the proposed templates are not misleading or deceptive in violation of the FTC Act, and therefore it **grants in part** the Receiver's motion (**ECF No. 169**), and requires the following four changes:

1. The Court requires the website my-section-8-housing.org to implement a font change. The font in the yellow box that reads "This site is privately owned and not affiliated with any government agency. Learn more here" must be as large and as bold as the font in the red box that reads "Get Your Section 8 Application Requirements Guide." (Receiver's Slides at 3.)



2. The Court requires that the website health-benefits.org implement a font change. The word "survey" in the second blue box from the top must be the same size and boldness as the text "Please Answer the Question Below" that is also in the second blue box from the top. (Receiver's Slides at 10.)

3. The Court requires that the website texascarregistration.org include information on the cost currently contained in the green square in the first bullet within the purple square. (Receiver's Slides at 19.)



4. The Court requires that the website www.usa-po.com change the language in its site so that it reads "Registered Passport Courier" rather than "Government Approved Passport Courier" on the third square from the left. (Receiver's Slides at 25.)



The Court further orders as follows:

1. The Receiver shall use the proposed modified templates (and the changes that the Court listed above) to legally and profitably operate the On Point Global, LLC's freemium and pay-for-services websites for the sites listed on Exhibit E and the sites contained at Exhibits F, G, H and I attached to the motion to approve templates (ECF No. 169).

2. The Receiver is required to consult with the FTC if any material changes are made to the approved website templates or the Receiver proposes to expand the Receivership Entities' business, and if the FTC objects to such changes or expansion, the Receiver must propose such changes or expansion to this Court for approval.

3. The Court authorizes the Receiver to compensate Individual Defendants Brent Levison, Chris Sherman and Elisha Rothman as hourly contractor consultants at $50 per hour as the Receiver deems their services are necessary to assist the Receiver to fulfill her duties.

**Done and ordered** at Miami, Florida on May 19, 2020.

_____
Robert N. Scola, Jr.
United States District Judge