UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-25046-SCOLA

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.

DRAGON GLOBAL LLC, *et al.,*

     Defendants.

_____/

## CORPORATE DEFENDANTS' ANSWER AND
## AFFIRMATIVE DEFENSES TO THE COMPLAINT

Melanie E. Damian, as Receiver for the corporate entity Defendants, 714 Media LTD., Bal Family LP, Bella Vista Media LTD, Blackbird Media LLC, Bluebird Media LLC, Borat Media LLC, Bring Back The Magic Media LLC, Bronco Family Holdings LP, CEG Media LLC, Cambridge Media Series LLC, Cardozo Holdings LLC, Carganet S.A., Chametz Media LLC, Chelsa Media LLC, Coinstar Media LLC, DG DMV LLC, Direct Market LLC, Domain Development Studios LLC, Domain Dividends Media LLC, Eagle Media LLC, Falcon Media LLC, Final Draft Media LLC, GNR Media LLC, Island Media LLC, Issue Based Media LLC, Leatherback Media Group LLC, License America Holdings LLC, License America Management LLC, MAC Media LTD., MACAU Media LLC, MBL Media LTD. Inc., On Point Domains LLC, On Point Employment LLC, On Point Global LLC, On Point Guides LLC, Orange Grove Media LLC, Orange and Blue Media LLC, PJ Groove Media LLC, Panther Media LLC, Pirate Media LLC, Pivot Media Group LLC, Sandman Media Group LLC, Shadow Media LLC, Skylar Media LLC, Slayer Billing LLC, Spartacus Media LLC, Very Busy Media LLC, Wasabi Media LLC, and Yamazaki Media LLC, Dragon Global Holdings, LLC, Dragon

Global, LLC and On Point Capital Partners, LLC, (collectively, the "Corporate Defendants"),[1] by and through undersigned counsel, respectfully submits their Answer and Affirmative Defenses to the Federal Trade Commission's Complaint for Permanent Injunctive and Other Equitable Relief [ECF No. 1]. The Receiver reserves the right to amend this Answer and Affirmative Defenses as new information is discovered through the Receiver's ongoing investigation of the Corporate Defendants.

## ANSWER

1.     Admit that the FTC has brought its action under Section 13(b), but assert that a dispute remains as to the remedies sought in this paragraph.

2.     Admit.

3.     Admit.

4.     Admit.

5.     Admit as to the FTC's authorization to initiate federal district court proceedings, but assert that a dispute remains as to the remedies listed in this paragraph.

6.     Admit.[2]

7.     Admit.

8.     Admit.

9.     Admit.

10.    Admit.

11.    Admit.

---

[1] The Receiver has been placed in control of the Corporate Defendants and therefore responds to the Complaint on their behalf. This Answer and Affirmative Defenses is based on the knowledge she gained since the date of her appointment.

[2] To the extent that certain Corporate Defendants continue to operate in the Southern District of Florida, they have moved their principal place of business to 8325 N.E. 2nd Ave., Ste. 100, Miami, FL 33138.

12.     Admit.

13.     Admit.

14.     Admit.

15.     Admit.

16.     Admit.

17.     Admit.

18.     Admit.

19.     Admit.

20.     Admit.

21.     Admit.

22.     Admit.

23.     Admit.

24.     Admit.

25.     Admit.

26.     Admit.

27.     Admit.

28.     Admit.

29.     Admit.

30.     Admit.

31.     Admit.

32.     Admit.

33.     Admit.

34.     Admit.

35.	Admit.

36.	Admit.

37.	Admit.

38.	Admit.

39.	Admit.

40.	Admit.

41.	Admit.

42.	Admit.

43.	Admit.

44.	Admit.

45.	Admit.

46.	Admit.

47.	Admit.

48.	Admit.

49.	Admit.

50.	Admit.

51.	Admit.

52.	Admit.

53.	Admit.

54.	Admit.

55.	Admit.

56.	Admit.

57.	Admit.

58.     Admit.

59.     Admit.

60.     This paragraph contains no allegation to admit or deny, and therefore, no response is required.

61.     Corporate Defendants admit that Mr. Katz was a founder and Chief Executive Officer of On Point Global and an owner and member of Bronco Family Holdings.[3] The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

62.     Corporate Defendants admit that Mr. Katz signed documents on behalf of the Corporate Defendants, including corporate incorporation and registration documents and that Mr. Katz had authority over certain websites offering services that generate revenue for Corporate Defendants. Mr. Katz obtained merchant accounts for certain Corporate Defendants and signed an application for a mail drop used by certain Corporate Defendants. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

63.     Corporate Defendants admit that Mr. Katz resides in this District. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

64.     Corporate Defendants admit that Mr. Levison was the Chief Administrative Officer, General Counsel and co-owner of On Point Global LLC and a member and manager of BAL Family LP. The Receiver is investigating the remaining allegations in this paragraph and

---

[3] Capitalized terms used but not defined in this Answer shall have the meaning ascribed to them in the Complaint [ECF No. 1].

cannot admit or deny those allegations at this time.

65.     Corporate Defendants admit that Mr. Levison opened merchant accounts and obtained mail drop accounts for certain Corporate Defendants, and that he was the signatory on certain depository accounts containing funds from certain Corporate Defendants. Mr. Levison's LinkedIn profile speaks for itself. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

66.     Corporate Defendants admit that Mr. Levison resides in this District. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

67.     Corporate Defendants admit that Mr. Zangrillo was Chairmain, officer and co-owner of On Point Global. His LinkedIn profile speaks for itself. He was a member and manager of DG DMV and On Point Capital Partners. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

68.     Corporate Defendants admit that Mr. Zangrillo resides in this District. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

69.     Corporate Defendants admit that, until approximately June 2019, Ms. Mahon was Senior Vice President and owner of Waltham Technologies and manager for PJ Groove Media. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

70.     Corporate Defendants admit that Ms. Mahon was a signatory for certain corporate accounts for certain Corporate Defendants. Ms. Mahon had obtained a merchant account for a Transaction Entity. The Receiver is investigating the remaining allegations in this

paragraph and cannot admit or deny those allegations at this time.

71.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

72.     Corporate Defendants admit that Mr. Rothman was the director of data processing and officer and co-owner of On Point Global through an entity and an officer and co-owner of Yamazaki Media. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

73.     Corporate Defendants admit that Mr. Rothman was a signatory on corporate accounts for certain Corporate Defendants. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

74.     Corporate Defendants admit that Mr. Rothman resides in this District. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

75.     Corporate Defendants admit that Mr. Sherman was director of data processing and owner of 714 Media. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

76.     Corporate Defendants admit that Mr. Sherman registered domains and obtained merchant accounts for certain Corporate Defendants. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

77.     Corporate Defendants admit that Mr. Sherman resides in this District. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

78.     No response is required.

79.     No response is required.

80.     Corporate Defendants admit that certain Corporate Defendants operated as a common enterprise. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

81.     Corporate Defendants admit that certain Defendants frequently created or abandoned entities. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

82.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

83.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

84.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

85.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

86.     Corporate Defendants admit that BV Media runs the call center in Costa Rica and that G8 Labs operates in Uruguay. Corporate Defendants admit that Karla Jinesta is an employee who manages BV Media and Ramiro Baluga is an employee who manages G8 Labs. Mr. Levison was the Chief Administrative Officer for certain Corporate Defendants and in that role performed administrative tasks for BV Media. Mr. Katz's LinkedIn post speaks for itself. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

87.     Corporate Defendants admit that BV Media runs a call center handling calls with

American consumers. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

88.     Corporate Defendants admit that G8 Labs creates content for certain of the Corporate Defendants' websites. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

89.     Corporate Defendants admit that DG DMV was organized in 2015 by a Dragon Global employee that signed and filed the registration for that entity and provided her Dragon Global email address as the contact information for that entity. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

90.     Corporate Defendants admit that Waltham Technologies was the "employer" of certain of Corporate Defendants' employees for a period of time. Issue Based Media leased office space and paid rent. Cambridge Media held operating bank accounts for certain Corporate Defendants. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

91.     The Dragon Global Defendants' website speaks for itself. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

92.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

93.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

94.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

95.     Corporate Defendants admit that Bronco Family Holdings is a Bahamas partnership and holds an ownership interest in certain Corporate Defendants. Mr. Katz and his wife, Marjan Katz, are U.S. citizens that reside in Miami, Florida. The Receiver is not aware of any employees for Bronco Family Holdings.  The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

96.     Corporate Defendants admit that BAL Family is a Delaware partnership in which Mr. Levison is a partner. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

97.     Corporate Defendants admit that Mr. Levison is a U.S. citizen that resides in Miami, Florida. Cardozo Holdings is a Nevis limited liability company that owns an interest in certain Corporate Defendants. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

98.     Corporate Defendants admit that Mr. Sherman is a U.S. citizen that resides in Miami, Florida. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

99.     Corporate Defendants admit that Mr. Rothman is a U.S. citizen that resides in Miami, Florida. Mac Media owns an interest in certain Corporate Defendants. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

100.    Corporate Defendants admit that Mr. Zangrillo is a manager of On Point Capital Partners. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

101.    The Receiver is investigating the allegations in this paragraph and cannot admit

or deny those allegations at this time.

102.    Corporate Defendants admit that many of the Corporate Defendants share officers and employees. Mr. Katz was CEO, Messrs. Rothman and Sherman were the directors of data processing and Mr. Levison was Chief Administrative Officer and General Counsel for the On Point Defendants. As part of his role as Chief Administrative Officer, Mr. Levison performed administrative tasks for BV Media. Karla Jinesta manages BV Media. Ramiro Baluga was On Point's Senior VP of Publishing and CEO of G8 Labs. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

103.    Corporate Defendants admit that certain Corporate Defendants share office space. They operated primarily from an office in Miami and an office in Boca Raton. The first Miami office was at 425 N.W. 26th Street, Miami, Florida. There was also a second Miami office at 350 N.E. 60th Street, Miami, Florida leased by Issue Based Media. Certain other mail drops were used for merchant accounts. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

104.    Corporate Defendants admit that certain Corporate Defendants commingled funds, and that wire transfer records show millions of dollars in intercompany transfers over the past three years including to the overseas companies. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

105.    Corporate Defendants admit that certain Corporate Defendants used unified branding in non-consumer facing communications as "On Point" or "On Point Global". Certain On Point subsidiaries including, BV Media and G8Labs branded themselves as "an On Point company" and performed certain essential functions under On Point's direction. The LinkedIn profiles speak for themselves. The Receiver is investigating the remaining allegations in this

paragraph and cannot admit or deny those allegations at this time.

106.    Corporate Defendants admit that certain Corporate Defendants operate under common control. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

107.    To the extent that the allegations in this paragraph seek a legal conclusion, they are denied. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

108.    Admit.

109.    Corporate Defendants admit that certain Corporate Defendants operated websites that provided application assistance to renew drivers' licenses and provided guides for applications for Section 8 housing and fishing licenses. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

110.    Corporate Defendants admit that certain Corporate Defendants operated websites that collect personal data and other websites that collect credit card information to pay for services. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

111.    Corporate Defendants admit that certain Corporate Defendants operated websites that offered consumers a PDF guide rather than delivering services. Those websites are no longer operating. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

112.    Corporate Defendants admit that certain Corporate Defendants published consumer facing websites. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

113.    Corporate Defendants admit that certain Corporate Defendants publish websites that fall into the following categories, paid guides, freemium sites and e-commerce services. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

114.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

115.    Admit.

116.    Admit.

117.    Without knowledge and therefore denied.

118.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

119.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

120.    Admit.

121.    Admit.

122.    Corporate Defendants admit that clicking certain "Get Started" links or certain states in the clickable map brings consumers to the Corporate Defendants' motor-vehicle related sites. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

123.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

124.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

125.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

126.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

127.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

128.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

129.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

130.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

131.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

132.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

133.     The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

134.     Corporate Defendants admit that certain Corporate Defendants do not deliver drivers' licenses, however, certain of Corporate Defendants do deliver car registrations. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

135.     The Receiver is investigating the allegations in this paragraph and cannot admit

14

or deny those allegations at this time.

136.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

137.    Without knowledge and therefore denied.

138.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

139.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

140.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

141.    Corporate Defendants admit that certain Corporate Defendants provide a PDF titled "Guide to Become an Expert Fisherman". The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

142.    Corporate Defendants admit that certain websites collected credit card information in exchange for PDF guides. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

143.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

144.    Admit.

145.    Corporate Defendants admit that certain Corporate Defendants operate websites related to public benefits. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

146.    Corporate Defendants admit that certain Corporate Defendants operate websites

related to public benefits. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

147.    Corporate Defendants admit that certain Corporate Defendants operate websites related to public benefits. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

148.    Corporate Defendants admit that certain Corporate Defendants operate websites related to public benefits that collect personal information, including but not limited to full name, address, date of birth, gender, telephone number and email address. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

149.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

150.    Without knowledge and therefore denied.

151.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

152.    Without knowledge and therefore denied.

153.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

154.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

155.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

156.    The Receiver is investigating the allegations in this paragraph and cannot admit

or deny those allegations at this time.

157.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

158.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

159.    Corporate Defendants admit that certain Corporate Defendants operated websites in the past that caused consumers browsers to open windows that contain marketing offers and links. The Receiver is unable to verify the content of a website as of May 6, 2019.

160.    Corporate Defendants admit that certain Corporate Defendants operated websites where the original webpage navigates to a new webpage containing text at the top of the page stating, "Thank you, your guide has been sent to your email. Please check your inbox." The Receiver is unable to verify the content of a website as of May 6, 2019.

161.    Without knowledge and therefore denied.

162.    Corporate Defendants admit that their websites do not provide an eligibility determination.  The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

163.    Corporate Defendants admit that consumers who provided the requested information on certain websites received downloadable PDF guides. The Receiver is investigating the remaining allegations in this paragraph and cannot admit or deny those allegations at this time.

164.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

165.    The Receiver is investigating the allegations in this paragraph and cannot admit

or deny those allegations at this time.

166.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

167.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

168.    No response is required.

169.    Admit.

170.    Admit.

171.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

172.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

173.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

174.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

175.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

176.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

177.    The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

178.    To the extent this paragraph contains a legal conclusion, no response is required.

Nevertheless, the Receiver disputes that the remedies sought by Plaintiff are supported by the statute. The Receiver is investigating the allegations in this paragraph and cannot admit or deny those allegations at this time.

179.    Any allegation not specifically admitted is denied.

## AFFIRMATIVE DEFENSES

In further response, upon information and belief and subject to further investigation and discovery, Corporate Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Corporate Defendants assert that certain of the remedies sought by the Plaintiff may not be authorized by law including, Plaintiff's claims for restitution, disgorgement, rescission or reformation of contracts.

### SECOND AFFIRMATIVE DEFENSE

Certain of the remedies sought by the Plaintiff violate the Corporate Defendants' First Amendment rights to free speech in the commercial speech set forth on their websites. Specifically, the relief of a permanent injunction prohibiting the operation of a website may not be supported by law where an appropriate disclaimer could prevent the consumers' confusion or misunderstanding. Moreover, all content on the websites that is informational and non-deceptive is protected speech and cannot be forcibly removed or subject to the remedies sought by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims fail to the extent Plaintiff seeks remedies beyond the applicable three-year statute of limitations for civil enforcement actions based on alleged deceptive and unfair practices pursuant to 15 U.S. Code § 57b and/or with the statute of limitations applicable to the

civil penalties sought here, including without limitation disgorgement.

## RESERVATION OF RIGHTS

Corporate Defendants reserve the right to allege other defenses and affirmative defenses as they become known during the course of the Receiver's ongoing investigation of the Corporate Defendants, because the Receiver has been in control of the Corporate Defendants for less than six months, and to amend this Answer and Affirmative Defenses to allege such additional affirmative defenses at such time as they become known, to the extent required.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Corporate Defendants demand a trial by jury on all issues so triable.

Respectfully submitted this 27th day of May, 2020.

Respectfully submitted,

/s/Kenneth Dante Murena
Kenneth Dante Murena, Esq.
Florida Bar No. 147486
DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
T: (305) 371-3960 | F: (305) 371-3965
Email: kmurena@dvllp.com
*Counsel for Receiver Melanie E. Damian*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on May 27, 2020 on all counsel or parties who have appeared in the above-styled action.

/s/Kenneth Dante Murena
Kenneth Dante Murena, Esq.
*Counsel for Receiver Melanie E. Damian*

21