UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-25046-Scola

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

ON POINT GLOBAL LLC, *et al.*,

    Defendants.

## PLAINTIFF FTC'S MOTION TO STRIKE DEFENDANTS' DEMAND FOR JURY TRIAL AND CERTAIN AFFIRMATIVE DEFENSES

The Federal Trade Commission ("FTC" or "Commission") respectfully moves this Court to strike demands for a jury trial and certain affirmative defenses Defendants asserted in their answers to the Commission's Complaint. Here, the FTC seeks injunctive and other equitable relief under Section 13(b) of the FTC Act. 15 U.S.C. § 53(b). All courts that have considered the issue, including in the Eleventh Circuit, have uniformly held that defendants are not entitled to a jury trial in such cases. Further, Defendants assert certain legally insufficient and barebones affirmative defenses that, if not stricken, would make discovery unduly burdensome. In the interest of promoting the efficient resolution of this action, Plaintiff moves under Rule 12(f) of the Federal Rules of Civil Procedure to strike these affirmative defenses.[1]

---

[1] As noted in the Certification of Counsel below, counsel for Individual Defendant Arlene Mahon and all corporate defendants except Dragon Global Management LLC informed the FTC today that they do not oppose the FTC's Motion to strike their jury trial demands, their reservation of rights to amend their Answers, and Mahon's and Waltham Technologies LLC's affirmative defense of delay (Mahon Affirmative Defense 4, ECF No. 221; Waltham Affirmative Defense 3, ECF No. 240). However, additional Defendants also raised these defenses and demands, and additional objectionable defenses, in their Answers, necessitating the filing of this Motion.

## I.     BACKGROUND

On December 9, 2019, the FTC commenced this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to halt Defendants' violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in connection with a deceptive scheme offering government services on websites, then delivering only worthless PDF "guides" instead.  Compl. (ECF No. 1).  On December 13, 2019, the Court issued a temporary restraining order against Defendants, enjoining the misrepresentations, appointing a receiver, and ordering that Defendants' assets be frozen.  TRO (ECF No. 17).  Following a hearing, the Court issued a Preliminary Injunction on January 14, 2020, which further barred Defendants' misrepresentations and continued the asset freeze and receivership.  Prelim. Inj. (ECF No. 126).

On May 7, 2020, Individual Defendants Burton Katz, Brent Levison, Elisha Rothman, and Christopher Sherman ("Katz Defendants") separately filed Answers, each asserting the same eleven affirmative defenses.  Katz Defs. Answers (ECF Nos. 222-25).  The same day, Corporate Defendant Dragon Global Management LLC and Individual Defendant Robert Zangrillo ("Zangrillo Defendants") separately filed their Answers, each asserting the same eight affirmative defenses.  Zangrillo Defs. Answers (ECF Nos. 219-20).  Individual Defendant Arlene Mahon also filed an Answer that day, asserting fifteen affirmative defenses.  Mahon Answer (ECF No. 221).  In addition, Waltham Technologies LLC ("Waltham") filed an Answer on May 27, 2020, asserting fourteen affirmative defenses that are identical to defenses asserted by Mahon.  Waltham Answer (ECF No. 240).  Finally, the remaining Corporate Defendants[2] also

---

[2] This includes Corporate Defendants 714 Media LTD., Bal Family LP, Bella Vista Media LTD, Blackbird Media LLC, Bluebird Media LLC, Borat Media LLC, Bring Back The Magic Media LLC, Bronco Family Holdings LP, CEG Media LLC, Cambridge Media Series LLC, Cardozo Holdings LLC, Carganet S.A., Chametz Media LLC, Chelsea Media LLC, Coinstar Media LLC, DG DMV LLC, Direct Market LLC, Domain Development Studios LLC, Domain Dividends Media LLC, Eagle Media LLC, Falcon Media LLC, Final Draft Media LLC, GNR Media LLC, Island Media LLC, Issue Based Media LLC, Leatherback Media Group LLC, License America Holdings LLC, License America Management LLC, MAC Media LTD., MACAU Media LLC, MBL Media LTD. Inc., On Point Domains LLC, On Point Employment LLC, On Point Global LLC, On Point Guides LLC, Orange Grove Media LLC, Orange and Blue Media LLC, PJ Groove Media LLC, Panther Media LLC, Pirate Media LLC, Pivot Media Group LLC, Sandman Media Group LLC, Shadow Media LLC, Skylar Media LLC, Slayer Billing LLC, Spartacus Media LLC, Very Busy Media LLC, Wasabi Media LLC, and Yamazaki Media LLC, Dragon Global Holdings, LLC, Dragon Global, LLC and On Point Capital Partners, LLC.

filed an answer on May 27, asserting three affirmative defenses. Corporate Defs. Answer (ECF No. 239).

All the Defendants requested a jury trial in their Answers.

## II. DEFENDANTS HAVE NO RIGHT TO A JURY TRIAL BECAUSE THIS ACTION IS IN EQUITY

Federal Rule of Civil Procedure 38(a) preserves the right to a jury trial "as declared by the Seventh Amendment to the Constitution —or as provided by a federal statute." In all other cases, the Court may strike a party's jury demand. Fed. R. Civ. P. 39(a)(2). There is no statutory basis for Defendants' demand for a jury trial because the FTC Act provides no such right. Nor does the Seventh Amendment confer such a right here, which requires a jury trial only for "[s]uits at common law." U.S. Const. amend VII.

The Supreme Court has interpreted "[s]uits at common law" to require a jury trial for cases analogous to suits that would have been brought in English law courts in the 18th century, but not for cases analogous to those tried in courts of equity at the time. *See Tull v. United States*, 481 U.S. 412, 417-418 (1987). Courts consider two factors in determining whether an action is more analogous to an 18th century suit in law or equity: (1) the nature of the action, and (2) the nature of the remedy sought. *Id*. The second factor is the "more important" of the two. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). Applying this two-step analysis demonstrates that Defendants are not entitled to a jury trial.

First, Section 13(b) actions are equitable in nature and therefore would have been brought in English courts of equity. *See, e.g., FTC v. US. Oil & Gas Corp.*, 748 F.2d 1431, 1432 (11th Cir. 1984) (finding that Section 13(b) gives district courts "the inherent power of a court of equity"); *FTC v. H.N Singer, Inc.*, 668 F.2d 1107, 1112 (9th Cir. 1982) (the "power to enjoin" under Section 13(b) "is part of what used to be the jurisdiction of equity"); *FTC v. Security Rare Coin & Bullion Corp.*, 931 F.2d 1312, 1314 (8th Cir. 1991) (Section 13(b) permits the "full exercise of the district court's inherent equitable power").

Second, every form of relief sought by the FTC in its Complaint, including a permanent injunction, rescission, restitution, the refund of monies paid, and disgorgement of ill-gotten gains, *see* Compl., Prayer for Relief, is an equitable remedy. *See FTC v. Wash. Data Resources, Inc.*, 704 F.3d 1323, 1326 (11th Cir. 2013) ("Section 13(b) provides 'an unqualified grant of statutory authority' to issue 'the full range of equitable remedies,'" including disgorgement) (quoting *FTC v. Gem Merch. Corp.*, 87 F.3d 466, 468 (11th Cir. 1996)); *FTC v. Leshin*, 719 F.3d

1227, 1232 (11th Cir. 2013) (an injunction is an equitable remedy that prevents future harm); *Porter v. Warner Holding Co.*, 328 U.S. 395, 402 (1946) ("Restitution, which lies within that equitable jurisdiction . . . is within the recognized power and within the highest tradition of a court of equity"); *Ross v. Bank South, N.A.*, 885 F.2d 723, 742 (11th Cir.1989) (rescission of contracts, which seeks to restore parties to a transaction to the status quo ex ante, is an equitable remedy); *Ecee, Inc. v. FERC*, 645 F.2d 339, 353 (5th Cir. May 20, 1981) (a "refund order is an equitable remedy"). Therefore, both the nature of the FTC's action and the remedies it seeks are equitable in nature.

For these reasons, courts have uniformly stricken defendants' requests for jury trials in actions brought under section 13(b) of the FTC Act. *See, e.g., FTC v. First Univ. Lending, LLC*, No. 09-cv-82322, 2011 WL 688744, at *3 (S.D. Fla. Feb. 18, 2011) (referencing "wealth" of case law denying that the Seventh Amendment applies to section 13(b) actions); *FTC v. North East Telecommunications Ltd*, No. 96-6081, 1997 WL 599357, at *1 (S.D. Fla June 23, 1997) (granting FTC's motion to strike defendant's jury demand where the FTC sought an injunction, rescission, and disgorgement of ill-gotten gains under section 13(b)); *FTC v. Lanier Law, LLC*, No. 14-cv-0786, 2015 WL 9598794, at *4 (M.D. Fla. Dec. 8, 2015) ("The conclusion there is no constitutional jury right accords with the conclusion of many other courts that there is no constitutional jury right in an FTC action seeking relief under § 13(b) given that it authorizes only equitable relief.") *report and recommendation adopted*, 2016 WL 25938 (M.D. Fla. Jan. 4, 2016); *FTC v. Think All Pub. LLC*, 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008) ("The cases have unanimously held that the Seventh Amendment does not provide a right to a trial by jury in actions brought under Section 13(b).").[3] Because of the equitable nature of the FTC's action and the relief sought, the jury demand of the Defendants should be stricken.

---

[3] Numerous additional courts have also determined that there is no right to a jury trial in section 13(b) actions. *See, e.g., FTC v. Commerce Planet, Inc.,* 815 F.3d 593, 602 (9th Cir. 2016); *FTC v. Adept Mgmt., Inc.,* No. 16-cv-0720, 2017 WL 1055959, at *2 (D. Or. Mar. 20, 2017); *FTC v. Seismic Entm 't Prods. Inc.,* 441 F. Supp. 2d 349, 353 (D.N.H. 2006); *FTC v. Commonwealth Mktg. Grp., Inc.,* 72 F. Supp. 2d 530,545 (W.D. Pa. 1999); *FTC v. ELH Consulting, LLC,* No. 12-cv-2246, 2013 WL 593885, at *1 (D. Ariz. Feb. 7, 2013); *FTC v. Lights of Am. Inc.,* No. 10-cv-1333, 2011 WL 13308569, at *3 (C.D. Cal. Apr. 29, 2011); *FTC v. Loss Mitigation Servs.,* No. 09-cv-0800, 2010 WL 11519447, at *3-4 (C.D. Cal. Feb. 17, 2010); *FTC v. Mazzoni & Son, Inc.,* No. 06-cv-15766, 2007 WL 2413086, at *3 (E.D. Mich. Aug. 14, 2007); *FTC v. Bronson Partners, LLC,* No. 04-cv-1866, 2006 WL 197357, at *4 (D. Conn. Jan. 25, 2006); *FTC v. Nat'l Urological Grp.,* No. 04-cv-3294, 2005 WL

### III. DEFENDANTS' LEGALLY INSUFFICIENT AND BAREBONES AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

Defendants have filed nine separate answers to the Complaint, each asserting a variety of defenses. Under Fed. R. Civ. P. 12(f), a party may move to strike from "a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As the Eleventh Circuit has noted, "the orderly, efficient, and economic disposition of disputes" is best attained when relevant issues are narrowed and defined from the earliest stages of litigation. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). Here, the FTC moves to strike four of Defendants' affirmative defenses: laches and delay, waiver, estoppel, and reservation of right to amend. These defenses should be stricken because they are insufficient as a matter of law and fail to provide fair notice, and would waste discovery resources unnecessarily.

First, an affirmative defense should be stricken if "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1192 (S.D. Fla. 2019) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)). Moreover, "weeding out legally insufficient defenses at an early stage of a complicated lawsuit may be extremely valuable to all concerned in order to avoid the needless expenditures of time and money in litigating issues which can be seen to have no bearing on the outcome." *Aidone v. Nationwide Auto Guard, LLC*, 295 F.R.D. 658, 660-61 (S.D. Fla. 2013) (quoting *First Specialty Ins. Corp. v. GRS Mgmt. Assocs.*, No. 08-civ-81356, 2009 WL 2169869, at *2 (S.D. Fla. July 20, 2009)). Here, the challenged defenses are deficient, and removing them from the case would avoid wasting unnecessary time in discovery on a baseless fishing expedition into the government's investigation. "Courts must not be oblivious to the caseload pressure and budgetary restrictions on government enforcement agencies, nor should they be unmindful that the discovery process can be unduly and unnecessarily delayed" by parties seeking to establish meritless defenses. *SEC v. Sarivola*, No. 95-civ-9270, 1996 WL 304371 at *1 (S.D.N.Y. June 6, 1996) (striking defenses of laches and estoppel).

---

8155166, at *18-19 (N.D. Ga. June 24, 2005); *FTC v. Hang-Ups Art Enters., Inc.,* No. 95-cv-0027, 1995 WL 914179, at *1 (C.D. Cal. Sept. 27, 1995); *FTC v. Febre,* No. 94-cv-3625, 1994 WL 702711, at *1-2 (N.D. Ill. Dec. 15, 1994).

5

Second, an affirmative defense should also be stricken if it fails to give fair notice of the grounds upon which it rests. *Dionisio*, 391 F. Supp. 3d at 1195; *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). Defenses that are barebones, conclusory allegations are inadequate under Rule 8 of the Federal Rules of Civil Procedure. *Amerikooler, LLC v. Americooler, Inc.*, No. 17-24420-CV, 2018 WL 6528019, at *2 (S.D. Fla. Apr. 11, 2018) (Torres, J.) (finding defenses "comprised of a single sentence and [that] only set forth conclusory allegations, devoid of any facts to support the asserted defenses," failed even the more liberal view of the pleading standard under Rule 8); *Dionisio*, 391 F. Supp. 3d at 1195 (striking defenses that were "nothing more than bare recitations of boiler-plate affirmative defenses"). Moreover, the potential for discovery abuse and confusion from such defective, boilerplate defenses is high. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014) (admonishing against shotgun pleadings, including a shotgun answer, that led to a "years-long discovery sinkhole"). Therefore, "[a] court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison*, 434 F. Supp.2d at 1318. Both of these bases require striking the following four affirmative defenses.

### a. Laches and Delay

Several Defendants assert a delay- or laches-based affirmative defense. The Katz Defendants assert as part of their seventh affirmative defense that the FTC's claims are barred by the doctrine of laches. Katz Answer at 37 (ECF No. 224).[4] Similarly, Mahon and Waltham assert as their fourth and third affirmative defense, respectively, that the FTC's claim for redress should be limited to the amount of charges initiated on or before the date the FTC knew or should have known the websites at issue were not offering the promised services, and that the FTC could have ended additional harm to consumers by notifying credit-card processors and

---

[4] The Katz Defendants' seventh affirmative defense also asserts that the FTC's claims are barred by the statute of limitations. Katz Answer at 37; *see also* Mahon Answer at 28 (ECF No. 221); Zangrillo Answer at 25 (ECF No. 220); Corporate Defs. Answer at 19 (ECF 239). The FTC does not seek to strike the statute of limitations defense at this time. In addition, a large number of Defendants' other affirmative defenses are not truly affirmative defenses but are merely denials or attempts to interject elements (*e.g.*, good faith) that are simply not relevant to this matter. *See, e.g.,* Katz Answer at 36-37; Mahon Answer at 29. The FTC is not moving to strike those "defenses" at this early stage in the litigation, but anticipates addressing all of Defendants' assertions at the appropriate time in the litigation.

banks to cease processing charges (though Mahon and Waltham have since advised that they do not oppose the striking of this defense). Mahon Answer at 28 (ECF No. 221); Waltham Answer at 28 (ECF No. 240). Both of these defenses should be stricken because the law recognizes no such defense to this action.

It is well established that laches is not a defense against the government in a civil suit brought to enforce a public right or to protect a public interest. *See United States v. Summerlin*, 310 U.S. 414, 516 (1940); *SEC v. Silverman*, 328 F. App'x 601, 605 (11th Cir. 2009) (laches is not a defense in cases where "a government agency brings an enforcement action to protect the public interest"); *United States v. Delgado*, 321 F.3d 1338, 1348-49 (11th Cir. 2003) ("[I]t is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights.") (internal citations and quotation marks omitted); *United States v. Alvarado*, 5 F.3d 1425, 1427 (11th Cir. 1993). While the Eleventh Circuit has acknowledged that "there have been rare exceptions to this rule," it has nonetheless held that the "doctrine of laches should not be used to prevent the Government from protecting the public interest." *Delgado*, 321 F.3d at 1348-49; *see also FTC v. Leshin*, No. 06-civ-61851, 2007 WL 9703567, at *3 (S.D. Fla. Oct. 9, 2007).

Accordingly, courts have stricken the affirmative defense of laches in FTC and similar enforcement actions. *See, e.g., Leshin*, 2007 WL 9703567, at *3; *FTC v. Debt Solutions, Inc.*, No. C06-298JLR, 2006 WL 2257022 at *1 (W.D. Wash. Aug. 7, 2006); *FTC v. Image Sales and Consultants*, 1997 U.S. Dist. LEXIS 18942 (N.D. Ind. Sept. 17, 1997); *FTC v. North East Telecomm., Ltd.*, No. 96-6081-CIV-LENARD, 1997 WL 599357, at *3 (S.D. Fla. June 23, 1997); *FTC v. American Microtel, Inc.*, 1992 U.S. Dist. LEXIS 11046 at *3 (D. Nev. June 10, 1992); *see also Silverman*, 328 F. App'x at 605; *United States v. BayCare Health Sys.*, No. 8:14-CV-73-T-23JSS, 2016 WL 7232445, at *1 (M.D. Fla. Apr. 14, 2016); *SEC v. Gulf & Western*, 502 F. Supp. 343, 348 (D.D.C. 1980). Laches simply does not apply when the Commission enforces public rights, as is the case here.

For the same reason, the Court should reject Mahon's and Waltham's argument that the amount of redress should be limited to any charges initiated before the FTC knew of the deceptive websites. Such a defense would essentially operate as laches, which "arises from the neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable

7

bar." *Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, No. 16-21296-CIV, 2017 WL 3503371, at *16 (S.D. Fla. Aug. 15, 2017) (explaining that to establish laches, defendant must show: "(1) an unreasonable delay in the plaintiff's assertion of a right or claim; (2) the delay was not excusable; and (3) the delay caused undue prejudice") (quoting *Ford Motor Co. v. O.E. Wheel Distributors, LLC*, 868 F. Supp. 2d 1350, 1366 (M.D. Fla. 2012)). Mahon's and Waltham's defense thus improperly seeks to frustrate the FTC's ability to enforce public rights and should be stricken. Indeed, earlier today, counsel to these Defendants notified the FTC that they do not oppose the FTC's motion to strike this defense.

Moreover, Defendants' laches and delay defenses provide nothing more than vague and conclusory language and contain no allegations that Defendants have been unduly prejudiced or that any delay was unreasonable or not excusable. These defenses should thus also be stricken for failure to give the Commission fair notice of the grounds on which they rest. *See Leshin*, 2007 WL 9703567, at *3; *Morrison*, 434 F. Supp.2d at 1320.

      **b.**    **Waiver**

Similarly, the Katz Defendants assert as their eighth affirmative defense that the FTC's "claims are barred because through representations or actions it has waived its claims against Defendants." Katz Answer at 37 (ECF No. 224). As with laches, the equitable defense of waiver should be stricken because it is insufficient as a matter of law; it cannot be asserted against a government agency enforcing an Act of Congress on behalf of the public. Numerous courts have so held, including this one. *See FTC v. Premier Precious Metals, Inc.*, No. 12-cv-60504-RNS, slip op. at 1-2 (S.D. Fla. Dec. 5, 2012) (ECF No. 86) (striking affirmative defense of waiver); *Leshin*, 2007 WL 9703567, at *4 (same); *Debt Solutions, Inc.*, 2006 WL 2257022, at *1 (same); *F.T.C. v. Bronson Partners, LLC*, No. 04-1866, 2006 WL 197357, at *2 (D. Conn. Jan. 25, 2006) (same); *see also BayCare Health Sys.*, 2016 WL 7232445, at *1*; SEC v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3d Cir. 1953); *SEC v. Keating*, No. 91-6785, 1992 WL 207918, at *3 (C.D. Cal. July 23, 1992). The FTC is an independent government agency that brought this action to enforce its consumer protection mission under Section 5 of the FTC Act, which serves to protect the public from unfair and deceptive acts or practices. Therefore, "[w]aiver is not a viable defense" in this FTC enforcement action. *Premier Precious Metals, Inc.*, No. 12-cv-60504-RNS, slip op. at 1. Moreover, Defendants' purported waiver defense should also be stricken because their barebones invocation of the legal doctrine, with no

allegations about what "representations or actions" purportedly waived the FTC's claims, fails to give fair notice of the basis for this defense.

### c. Estoppel

The Katz Defendants assert as their ninth affirmative defense that the FTC "is barred from bringing this action under the equitable doctrine of estoppel." Katz Answer at 37 (ECF No. 224). Like the other two equitable defenses discussed *supra*, the estoppel defense should be stricken as a matter of law because the doctrine ordinarily cannot be advanced against the government. *See Sanz v. U.S. Security Insurance Co.*, 328 F.3d 1314, 1320 (11th Cir. 2003); *Debt Solutions, Inc.*, 2006 WL 2257022, at *1; *see also Leshin*, 2007 WL 9703567, at *5 (noting that "the Eleventh Circuit has not recognized [estoppel] as an available defense against a government agency"); *Gulf & Western*, 502 F. Supp. at 348. Estoppel may be available against the government only in the most extreme circumstances, and "the Eleventh Circuit has specifically disavowed such a result where the government acts as a sovereign." *United States v. Ryals*, No. 03-CV-00090-MP-AK, 2005 WL 3338720, at *2–3 (N.D. Fla. Dec. 8, 2005) (citing *FDIC v. Harrison*, 735 F.2d 408, 411 (11th Cir.1984), *aff'd*, 480 F.3d 1101 (11th Cir. 2007)). Indeed, in order to establish estoppel against the government, defendants must show that the government engaged in affirmative and egregious misconduct. *See Silverman*, 2008 WL 11333868, at *3; *Sanz*, 328 F.3d at 1319-20; *Tefel v. Reno*, 180 F.3d 1286, 1303 (11th Cir. 1999). Moreover, negligence or inaction is insufficient. *See United States v. McCorkle*, 321 F.3d 1292, 1297 (11th Cir. 2003). Here, the Katz Defendants' single-sentence, barebones, conclusory allegation, with no mention of willfulness, negligence, or any specific conduct, is insufficient to support the defense of equitable estoppel. *United States v. Meyer*, 376 F. Supp. 3d 1290, 1296-97 (S.D. Fla. 2019), *reconsideration denied*, No. 18-CV-60704, 2019 WL 1977103 (S.D. Fla. Apr. 26, 2019) (finding that defendants' equitable estoppel failed as a matter of law where they "did not allege any willfulness, negligence, or specific conduct—much less any affirmative and egregious misconduct—by a government entity"). Moreover, the sparse defense should also be stricken for failure to give fair notice.

### d. Reservation of Right to Assert Additional Affirmative Defenses

The Zangrillo Defendants, Corporate Defendants, Mahon, and Waltham also seek to reserve the "right" to amend their answers and assert additional affirmative defenses "as they become known," although counsel to the Corporate Defendants, Mahon, and Waltham have since notified the FTC that they do not oppose the striking of this reservation of rights. Zangrillo

Answer at 28 (ECF No. 220); Corporate Defs. Answer at 2, 20 (ECF No. 239); Mahon Answer at 30 (ECF No. 221); Waltham Answer at 30 (ECF No. 240). Similarly, the Katz Defendants seek to "reserve[] the right to amend" the answer and affirmative defenses "based upon information obtained in the course of litigation." Katz Answer at 36 (ECF No. 224). Rule 12(b) of the Federal Rules of Civil Procedure is clear in its direction that: "*Every* defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b) (emphasis added).

In this case, the Commission filed its claims in the form of its Complaint. Defendants subsequently moved to dismiss the Complaint and filed their answers; therefore, any defenses not yet asserted have been waived. Moreover, Defendants may not reserve the right to raise additional affirmative defenses because it is neither a defense nor the appropriate legal mechanism to raise additional affirmative defenses, which must be done by seeking the Court's leave to amend. *See Premier Precious Metals*, No. 12-civ-60504-RNS, slip op. at 2 (ECF No. 86); *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501, 2009 WL 2391233, at *4 (S.D. Fla. July 31, 2009) ("This reservation of rights clause does not constitute an affirmative defense because it does not respond to the initial complaint or raise facts which negate Plaintiff's claims.").[5] This Court has previously stricken such reservation of rights clauses, finding that "[i]f the Defendants later seek to add additional affirmative defenses, it will be for the Court to decide whether such a request is appropriate." *Premier Precious Metals*, No. 12-civ-60504-RNS, slip op. at 2 (ECF No. 86). Thus, Defendants' attempt to reserve the right to introduce new affirmative defenses at a later time should be stricken.

### IV. CONCLUSION

For the foregoing reasons, the FTC respectfully requests that this Court strike the jury demand of the Defendants and the above-challenged affirmative defenses asserted by Defendants.

---

[5] *See also Perez-Nunez v. N. Broward Hospital Dist.*, No. 08-61583-CIV, 2009 WL 723873, at *2 (S.D. Fla. Mar. 13, 2009) (striking reservation of rights because "it will ultimately be for the Court to decide whether to grant leave . . . to amend"); *Merrill Lynch Bus. Fin. Services, Inc. v. Performance Mach. Sys. U.S.A., Inc.*, No. 04-60861, 2005 WL 975773, at *12 (S.D. Fla. Mar. 4, 2005) (same).

## V.    LOCAL RULE 7.1(A)(3) CERTIFICATION

The FTC conferred with counsel for all Defendants by email on May 26, 27, and 28, 2020.  Counsel to the Corporate Defendants listed in note 2 *supra*, Waltham Technologies LLC, and Arlene Mahon advised the FTC on May 28, 2020, that they do not oppose the striking of their demand for a jury trial, reservation of rights to amend, and Waltham's and Mahon's affirmative defense of delay (Mahon Affirmative Defense 4, ECF No. 221; Waltham Affirmative Defense 3, ECF No. 240).  Counsel for Individual Defendants Burton Katz, Brent Levison, Elisha Rothman, Christopher Sherman, and Robert Zangrillo, and to Corporate Defendant Dragon Global Management LLC, have not stated their position on the FTC's motion.

Dated:  May 28, 2020                                    Respectfully submitted,

*/s/ Nicholas Cartier*
Sarah Waldrop, Special Bar No. A5502583
(202) 326-3444; swaldrop@ftc.gov
Sana Chaudhry, Special Bar No. A5502350
(202) 326-2679; schaudhry@ftc.gov
Nicholas Cartier, Special Bar No. A5501510
(202) 326-2014; ncartier@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave NW, CC 9528
Washington, DC 20580
Facsimile: (202) 326-3197


Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

I hereby certify that, on May 28, 2020, a true and correct copy of the foregoing was served on all counsel of record via CM/ECF.

**Counsel for Defendants Burton Katz, Brent Levison, Elisha Rothman, and Christopher Sherman:**

Robert W. Thielhelm, Jr. (rthielhelm@bakerlaw.com)
Jonathan B. New (jnew@bakerlaw.com)
Jimmy Fokas (jfokas@bakerlaw.com)
Patrick T. Campbell (pcampbell@bakerlaw.com)
Jeffrey D. Martino (jmartino@bakerlaw.com)
Lauren P. Lyster (llyster@bakerlaw.com)
Denis Durkin (ddurkin@bakerlaw.com)
Baker Hostetler
45 Rockefeller Plaza
New York, NY 10111


**Counsel for Defendants Arlene Mahon and Waltham Technologies LLC:**

Justin B. Kaplan (jkaplan@difalcofernandez.com)
DiFalco, Fernandez & Kaplan
777 Brickell Ave, Suite 630
Miami, FL 33131

Xavier A. Franco (xfranco@mcper.com)
McArdle, Perez & Franco, PL
255 Alhambra Circle, Suite 925
Coral Gables, FL 3313


**Counsel for Defendants Robert Zangrillo and Dragon Global Management LLC:**

Matthew Schwartz (mlschwartz@bsfllp.com)
John Zach (jzach@bsfllp.com)
Sara Winik (swinik@bsfllp.com)
Marshall Dore Louis (mlouis@bsfllp.com)
Boies Schiller Flexner LLP
55 Hudson Yards, 20th Floor
New York, NY 10001

**Counsel for Defendant Elisha Rothman:**

Solomon B. Genet (sgenet@melandrussin.com)
Joshua W. Dobin (jdobin@melandrussin.com)
Meland Russin & Budwick, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131


**Counsel for Receiver Melanie E. Damian and Corporate Defendants (except Dragon Global Management LLC and Waltham Technologies LLC):**

Kenneth D. Murena (kmurena@dvllp.com)
Damian & Valori, LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131


　　　　　　　　　　　　　　　　　　　　*/s/ Nicholas Cartier*
　　　　　　　　　　　　　　　　　　　　Nicholas Cartier