United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Federal Trade Commission, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-25046-Civ-Scola |
| | ) | |
| On Point Global LLC and others, | ) | |
| Defendants. | ) | |

### Order Denying Motions to Dismiss

Now before the Court is the Defendant Arlene Mahone's motion for limited relief from asset freeze. For the reasons set forth below, the Court **denies** her motion (**ECF No. 264**).

Mahone requests that the Court lift the asset freeze and release $63,246 to repair her roof. A district court has the inherent, equitable power to freeze assets "as an incident to its express statutory authority to issue a permanent injunction under the Federal Trade Commission Act." *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1432 (11th Cir. 1984). "The natural corollary to this rule is that a court may unfreeze those assets when equity requires. *FTC v. IAB Marketing Associates, LP*, 972 F. Supp. 2d 1307, 1313 (S.D. Fla. Sep. 18, 2013) (Scola, J.). However, under the circumstances here, equity does not require limited relief from the asset freeze.

The main reason that the Court will not unfreeze assets for Mahone's roof repairs is that the Defendants' "monetary liability greatly exceeds the frozen funds." *Id.* (denying motion for limited relief from asset freeze to pay for living expenses). "When frozen assets are less than the amount needed to compensate consumers for their losses, a district court can properly refuse to unfreeze assets." *Id.* That is because "one purpose of the asset freeze is to ensure that funds are available to provide consumers redress and deprive wrongdoers of their ill-gotten gains." *Id.* According to the Receiver's first report, the ill-gotten gains total approximately $80 million. (ECF No. 108 at 21.) The Court's asset freeze has frozen approximately $8.5 million in liquid assets. Given this discrepancy, the Court concludes that equity favors preserving the frozen assets to protect consumers.

Moreover, Mahone has not demonstrated that she has no other source of income. To the contrary, her motion indicates that she and her husband earn over $18,000 per month (or $216,000 per year) and claims that "after paying for necessary living expenses," her household saves less than $1,000 per month.

(ECF No. 264 at 6.) If anything, her motion shows that she is living a relatively lavish lifestyle. The Court does not consider it equitable to release funds set aside for the victims when Mahone has access to legally-acquired income. *See FTC v. USA Financial, LLC*, 2008 WL 3165930, *3 (M.D. Fla. Aug. 6, 2008) ("Typically a court will deny such a request . . . where the defendant has other sources of income" and instead "courts look for evidence of the defendant's overall assets or income"). Therefore, the Court denies her motion (**ECF No. 264**).

    **Done and ordered** at Miami, Florida on July 23, 2020.

Robert N. Scola, Jr.
United States District Judge