United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Federal Trade Commission, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-25046-Civ-Scola |
| ) | |
| On Point Global LLC and others, ) | |
| Defendants. ) | |

### Order on Motion to Strike

Now before the Court is the Plaintiff Federal Trade Commission's motion to strike the Defendants' affirmative defenses and demand for jury trial. For the reasons set forth below, the Court **grants in part and denies in part** the motion (**ECF No. 242**).

### 1. Demand for Jury Trial

FTC argues that the Defendants' are not entitled to a jury trial because the FTC brings equitable claims and seeks only injunctive relief. The Court agrees and therefore strikes the Defendant's jury demand.

The Seventh Amendment of the United States Constitution guarantees the right to a jury trial for "suits at common law." U.S. Const. Amend. VII. The Supreme Court has interpreted "[s]uits at common law" to require a jury trial for cases analogous to suits that would have been brought in English law courts in the 18th century, but not for cases analogous to those tried in courts of equity. *See Tull v. United States*, 481 U.S. 412, 417-18 (1987). Courts consider two factors in determining whether an action is more analogous to an 18th century suit in law or equity: (1) the nature of the action and (2) the nature of the remedy sought. *Id.* The second factor is the "more important" of the two. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). First, actions brought under Section 13(b) of the FTC Act are equitable. FTC argues, and the Defendant does not dispute, that actions brought under Section 13(b) of the FTC act are equitable. *See FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1432 (11th Cir. 1984).

Second, the FTC argues that the relief it seeks is all equitable (*i.e.* permanent injunction, rescission, restitution, and disgorgement), and therefore, the Defendants are not entitled to a jury trial. The Defendants counter with the argument that a recent United States Supreme Court case *Liu v. S.E.C.* explains that disgorgement is only equitable in nature if it "does not exceed a wrongdoer's

net profit." 140 S.Ct. 1936, 1940 (June 22, 2020). And, since the FTC seeks the Defendants' total revenues, rather than merely their profits, the remedy cannot be considered equitable. The Court does not agree that this seeming limitation on the FTC's recovery converts disgorgement into a non-equitable remedy.

The Supreme Court in *Liu* held that "[c]ourts may not enter disgorgement awards that exceed the gains 'made upon any business or investment, when both the receipts and payments are taken into account." 140 S.Ct. at 1949-50. Accordingly, "courts must deduct legitimate expenses before ordering disgorgement under § 78u(d)(5)." *Id*; *but see*, *FTC v. Washington Data Resources, Inc.*, 704 F.3d 1323, 1327 (11th Cir. 2013) ("We agree with our sister circuits and today hold that the amount of net revenue (gross receipts minus refunds), rather than the amount of profit (net revenue minus expenses), is the correct measure of unjust gains under section 13(b)").[1] The Supreme Court in *Liu* recognized an exception when "the entire profit of a business or undertaking results from the wrongdoing, a defendant may be denied inequitable deductions such as for personal services." *Liu*, 140 S.Ct. at 1950.

Whether or not the FTC's disgorgement is limited to profits in this case, is irrelevant to the question of whether disgorgement is an equitable remedy. The FTC Act authorizes the FTC to seek "the full range of equitable remedies, including disgorgement, which considers only the defendants' unjust gain and ignores consumer loss." *FTC v. Washington Data Resources, Inc.*, 704 F.3d 1323, 1326 (11th Cir. 2013) (citing *FTC v. Gem Merchandising Corp.*, 87 F.3d 466, 468 (11th Cir. 1996)). For this reason, many courts have stricken jury trial demands for lawsuits brought under Section 13(b). *See FTC v. First Universal Lending, LLC*, 2011 WL 688744, *3 (S.D. Fla. Feb. 18, 2011) (Rosenbaum, J.) ("a wealth of other case law" supports the court's conclusion that "the Defendants do not enjoy a right to a jury trial"); *FTC v. N.E. Telecomm., Ltd.*, 1997 WL 599357, *1 (S.D. Fla. June 23, 1997) (Lenard, J.) (striking the demand for jury trial because "the relief sought is of a purely equitable nature").

Moreover, *Liu* itself confirms that disgorgement is an equitable remedy. 140 S.Ct. at 1936 (calling disgorgement "the equitable remedy that deprives wrongdoers of their net profits from unlawful activity"). And, all of the other remedies sought by the FTC are equitable. *See FTC v. Leshin*, 719 F.3d 1227,

---

[1] The Court notes that on July 9, 2020 the United States Supreme Court granted petitions for certiorari in *FTC v. Credit Bureau Center* and *AMG Capital Management, LLC v. FTC* to resolve the question of whether the Federal Trade Commission may demand equitable monetary relief such as restitution and disgorgement under Section 13(b) of the FTC Act, which expressly authorizes the courts to issue "injunction[s]." *Credit Bureau Center*, 2020 WL 3865251 (2020); *AMG Capital Management, LLC*, 2020 WL 3865250 (2020).

1232 (11th Cir. 2013) (an injunction is an equitable remedy that prevents future harm); *Porter v. Warner Holding Co.*, 328 U.S. 395, 402 (1946) ("Restitution, which lies within that equitable jurisdiction . . . is within the recognized power and within the highest tradition of a court of equity."); *Ross v. Bank South, N.A.*, 885 F.2d 723, 742 (11th Cir. 1989) (rescission of contracts, which seeks to restore parties to a transaction to the status quo ex ante, is an equitable remedy); *Ecee, Inc. v. FERC*, 645 F.2d 339, 353 (5th Cir. 1981) (a "refund order is an equitable remedy"). Therefore, the Court **strikes** the Defendants' demand for a jury trial.

### 2. Affirmative Defenses

The FTC also moves to strike four of the Defendants' affirmative defenses (laches, waiver, estoppel, and reservation of right to amend) as clearly invalid as a matter of law. *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1192 (S.D. Fla. 2019) (an affirmative defense should be stricken if "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law"). The Court will address each defense in turn.

First, the Katz Defendants, Mahon and Waltham assert a delay- or laches-based affirmative defense. (*See* Katz Answer, ECF No. 224 at 37; Mahon Answer, ECF No. 221 at 28; Waltham Answer, ECF No. 240 at 28.) FTC moves to strike these affirmative defenses because it cannot be used against the government in a civil suit brought to enforce a public right or protect a public interest. The Court agrees that these affirmative defenses are not properly brought against a governmental agency. *See SEC v. Silverman*, 328 Fed. App'x 601, 605 (11th Cir. 2009 ("were, as in this case, a government agency brings an enforcement action to protect the public interest, laches is not a defense"); *United States v. Delgado*, 321 F.3d 1338, 1348-49 (11th Cir. 2003) ("[I]t is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights"). Moreover, none of the Defendants oppose the FTC's request that the Court strike this defense

Second, FTC argues that the Katz Defendants' waiver defense must be stricken because the government cannot waive its sovereign capacity to defend the public interest. The Court agrees. *See FTC v. Leshin*, 2007 WL 9703567, at *4 (S.D. Fla. 2007) (Ungaro, J.) ("the waiver defense has been found not to be applicable against a government agency"); *SEC v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3d Cir. 1954) (a government agency "may not waive the requirement of an act of Congress"); *FTC v. Premier Precious Metals, Inc.*, Case No. 12-cv-60504, ECF No. 86 at 1-2 (S.D. Fla. Dec. 5, 2012) (Scola, J.) ("Waiver is not a viable defense where the FTC brings an action to enforce an act of Congress.").

Third, FTC asks the Court to strike the affirmative defense of estoppel because it also cannot ordinarily be used against the government. *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1319-20 (11th Cir. 2003) ("The Supreme Court's decisions indicate that even if estoppel is available against the Government, it is warranted only if affirmative and egregious misconduct by government agents exists"). The Katz Defendants argue that it is premature to strike the estoppel affirmative defense at this juncture because estoppel may be used against the government "in the most extreme circumstances." *Gibson v. Resolution Trust Corp.*, 51 F.3d 1016, 1025 (11th Cir. 1995). The Katz Defendants do not argue that these extreme circumstances of government misconduct are present here. Nevertheless, the Court declines to strike this affirmative defense at this juncture in light of the fact that "a motion to strike affirmative defenses is a drastic remedy and often disfavored." *Krapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co.*, 2017 WL 5159601, at *2 (S.D. Fla. Nov. 7, 2017) (Bloom, J.). Therefore, the Court declines to strike this affirmative defense.

Fourth, the FTC argues that the Defendants' reservation of rights is not a valid affirmative defense. The Court agrees that a reservation of rights clause "does not constitute an affirmative defense because it does not respond to the initial complaint or raise facts which negate Plaintiff's claims." *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, at *4 (S.D. Fla. July 31, 2009) (Cohn, J.); *see also Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Mach. Sys. USA, Inc.*, 2005 WL 975773, at *12 (S.D. Fla. Mar. 4, 2005) (Explaining that reservation of rights clause is a "nullity and surplusage as Defendants will still have to move for leave to amend to raise new defenses"); *Premier Precious Metals, Inc.*, Case No. 12-cv-60504-RNS, ECF No. 86 at 1-2. If the Defendants later seek to add additional affirmative defenses, it will be for the Court to decide whether such request is appropriate.

Therefore, the Court **grants** the motion to strike with respect to the jury demand and the affirmative defenses of laches, waiver, and reservation of rights. The Court **denies** the motion to strike with respect to estoppel.

**Done and ordered** at Miami, Florida, on August 4, 2020.

_____
Robert N. Scola, Jr.
United States District Judge