UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-25046-Scola

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

ON POINT GLOBAL, LLC, *et al.*,

    Defendants.

**DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT**

Individual Defendants, Burton Katz, Brent Levison, Elisha Rothman, Christopher Sherman, Robert Zangrillo and Arlene Mahon (the "Individual Defendants"), and Corporate Defendants[1], pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, move for Partial Summary Judgment on Katz, Levison, Rothman, Sherman, Zangrillo, and Dragon Global Management LLC's Third Affirmative Defense, Ms. Mahon's Eleventh Affirmative Defense, Waltham Technologies LLC's Ninth Affirmative Defense and the remaining 49 corporate defendants' First Affirmative Defense.

## **INTRODUCTION**

It is a bedrock principle that district courts and circuit courts must follow Supreme Court precedent. *Jaffree v. Wallace*, 705 F.2d 1526, 1532 (11th Cir. 1983). This Court must do so now, and follow the Supreme Court's ruling in *AMG Capital Management v. FTC* in which the Court held the FTC cannot seek equitable monetary relief under Section 13(b) of the Federal Trade Commission Act ("FTC Act"). The FTC seeks monetary relief in this matter exclusively under Section 13(b) of the FTC Act (Dkt. No. 1) and the Supreme Court has now ruled that the FTC is not authorized to seek equitable monetary relief under Section 13(b). There remains no dispute on

---

[1] The referenced corporate defendants are On Point Global LLC, On Point Global Employment LLC, On Point Guides LLC, DG DMV LLC, On Point Domains LLC, Final Draft Media LLC, Cambridge Media Series LLC, Issue Based Media LLC, Bella Vista Media Ltd., Carganet S.A., Direct Market LLC, Bluebird Media LLC, Borat Media LLC, Bring Back the Magic Media LLC, Chametz Media LLC, Chelsea Media LLC, Coinstar Media LLC, Domain Development Studios LLC, Domain Dividends Media LLC, Eagle Media LLC, Falcon Media LLC, GNR Media LLC, Island Media LLC, Leatherback Media Group LLC, Macau Media LLC, CEG Media LLC, MBL Media Ltd. Inc., Orange and Blue Media LLC, Orange Grove Media LLC, Panther Media LLC, Pirate Media LLC, Pivot Media Group LLC, PJ Groove Media LLC, Sandman Media Group LLC, Shadow Media LLC, Skylar Media LLC, Slayer Billing LLC, Spartacus Media LLC, Very Busy Media LLC, Wasabi Media LLC, Yamazaki Media LLC, Bronco Family Holdings LP, BAL Family LP, Cardozo Holdings LLC, 714 Media Ltd., Mac Media Ltd., License America Management LLC, License America Holdings LLC, Blackbird Media LLC, Waltham Technologies, Dragon Global Management LLC, Dragon Global Holdings LLC, Dragon Global LLC, and On Point Capital Partners LLC.

this question of law, as the FTC has now conceded that monetary relief is now unavailable to it under Section 13(b).  This is a purely legal issue, with no relevant disputed facts, and therefore the Court should grant Partial Summary Judgment in favor of the Defendants on their Affirmative Defenses.

## LEGAL STANDARD

A party is entitled to summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  An issue of fact is material if, under substantive law, it might affect the outcome of the case.  *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).  An issue of fact is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  *Id*. "[I]f the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense." *FTC v. Am. Entertainment Distribs., Inc.*, No. 04-22431-CIV, 2012 WL 12964783, at *3 (S.D. Fla. Aug. 31, 2012).  Motions for summary judgment as to affirmative defenses are analyzed under the same legal standards and burden shifting rules as motions for summary judgment on claims.  *Villar v. Cammarata Mgmt., Inc.*, No. 19-cv-81625, 2020 WL 2988813, at *5 (S.D. Fla. June 4, 2020).

## ARGUMENT

The FTC seeks equitable monetary relief under Section 13(b) of the FTC Act and the defendants pleaded affirmative defenses that the FTC was not authorized to seek this relief under Section 13(b).  The Supreme Court has now ruled that the defendants' position is correct and the FTC cannot seek equitable monetary relief under Section 13(b) of the FTC Act.  This Court must

3

follow Supreme Court precedent, and grant summary judgment on the defendants' affirmative defenses.

### I.     The FTC Seeks Monetary Relief Exclusively Under Section 13(b) of the FTC Act.

The FTC seeks, among other things, relief in the form of "restitution, the refund of monies paid, and the disgorgement of ill-gotten monies" under Section 13(b) of the FTC Act. *See* Compl. 46, Dkt. 1. The FTC does not cite to any other provision of the FTC Act in the relevant sections of its Complaint where it seeks monetary relief.  The FTC states "Section 13(b) of the FTC Act, 15 U.S.C. 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate . . . [and] may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies." *Id*.  Based on the four corners of the complaint, Section 13(b) of the FTC Act is the only authority the FTC relies on for the Court to grant monetary relief.

### II.    Defendants Pleaded Affirmative Defenses Asserting that the FTC is Not Entitled to Monetary Relief under Section 13(b) of the FTC Act.

In their answers, Messrs. Katz, Levison, Rothman and Sherman asserted the Affirmative Defense that "[t]he FTC's request for penal, monetary relief, including disgorgement or restitution, or ancillary relief to restrain assets for the benefit of those remedies, are not authorized in this proceeding." Katz, Levison, Rothman and Sherman Answers, 38, Dkt. Nos. 222-25. Mr. Zangrillo and Dragon Global Management LLC asserted the Affirmative Defense that "[p]laintiff's claims for restitution, disgorgement, rescission or reformation of contracts, and/or refunds are not authorized by statute."  Zangrillo and Dragon Global Management LLC Answers, 25, Dkt. Nos. 219-20.  Ms. Mahon asserted the Affirmative Defense "[t]he relief sought by the FTC is not authorized. The FTC's claims are based on the FTC Act. The FTC Act specifies the forms of relief authorized under the Act. In the present case, the FTC seeks equitable relief in the form of

restitution, refund of monies, and disgorgement. The FTC Act does not expressly authorize this relief and therefore the FTC is not entitled to such relief." Mahon and Waltham Answer 29, Dkt. Nos. 221, 240. The remaining corporate defendants' First Affirmative Defense asserted that "the remedies sought by the Plaintiff may not be authorized by law including, Plaintiff's claims for restitution, disgorgement, rescission or reformation of contracts." Corporate Defendants' Answer, 19, Dkt. No. 239.

### III. The Supreme Court Has Ruled that the FTC is Not Entitled to Recover Monetary Damages Under Section 13(b) of the FTC Act

While Eleventh Circuit law permitted the FTC to seek, and the Court to grant, equitable monetary relief when this action was filed in 2019, the Supreme Court has since ruled that these remedies are not available to the FTC. On April 22, 2021, the Supreme Court decided *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341, 1352 (2021), holding unanimously that Section 13(b) of the FTC Act, 5 U.S.C. § 53(b)—the only statute under which the FTC brought the action—does not allow the FTC to seek equitable monetary relief. *AMG*, 141 S. Ct. at 1352 ("We must conclude, however, that § 13(b) as currently written does not grant the Commission authority to obtain equitable monetary relief.").

The Supreme Court's unanimous decision was based on the plain language of Section 13(b) and the fact that the FTC has largely disregarded the administrative procedures required to obtain monetary relief under Sections 5 and 19 of the FTC Act 15 U.S.C. 57(b), in favor of what the FTC believed would be a quicker and easier way to obtain relief. *Id.* at 1348–49 ("Congress in § 5(*l*) and § 19 gave district courts the authority to impose limited monetary penalties and to award monetary relief in cases where the Commission has *issued cease and desist orders*, *i.e.*, where the Commission has engaged in administrative proceedings." (emphasis in original)). The Supreme Court noted that nothing "prohibits the Commission from using its authority under 5 and 19 to

5

obtain restitution" and that "[i]f the Commission believes that authority to be too cumbersome or otherwise inadequate, it is…free to ask Congress to grant it further remedial authority." *Id*. at 1352.

If the FTC elects to bring an enforcement proceeding directly in district court and bypass its administrative proceedings, such as in this case, the FTC may only seek a permanent injunction. *Id*.; *see also Fed. Trade Comm'n v. Quincy Bioscience Holding Co.*, No. 17 CIV. 124 (LLS), 2021 WL 1608953, at *1 (S.D.N.Y. Apr. 26, 2021) ("After the parties submitted their briefs, the Supreme Court of the United States held that Section 13(b) of the Act does not authorize the FTC to seek, or the Court to award, equitable monetary relief, such as restitution or disgorgement. As such, the FTC may only seek injunctive relief in this case." (citing *AMG*, 141 S. Ct. at 1352)). Following the Supreme Court's ruling, the law is clear. The FTC cannot seek equitable monetary relief in this case.

**IV.   The Law Requires that this Court Adhere to the Supreme Court's Ruling in *AMG Capital Management, LLC v. FTC***

"At every stage in the proceedings, the court must stop, look, and listen to determine the impact of changes in the law on the case before it." *Naturist Soc., Inc. v. Fillyaw,* 958 F.2s 1515, 1520 (11th Cir.1992). Federal district courts and circuit courts are bound to adhere to the controlling decisions of the Supreme Court. *Jaffree v. Wallace*, 705 F.2d 1526, 1532 (11th Cir. 1983) ("Federal district courts and circuit courts are bound to adhere to the controlling decisions of the Supreme Court."); *see also Hutto v. Davis*, 454 U.S. 370, 375 (1982) ("[U]nless we wish anarchy to prevail within the federal judicial system, a precedent of this Court **must be followed** by the lower federal courts no matter how misguided the judges of those courts may think it to be.") (emphasis added).

The Supreme Court's ruling in *AMG Capital Management* is directly on point and there can be no question of its applicability in this case. *Atl. Sounding Co. v. Townsend*, 496 F.3d 1282, 1284 (11th Cir. 2007) (when an intervening Supreme Court decision is "clearly on point" the Eleventh Circuit must depart from earlier precedent). This Court is bound to follow the Supreme Court decision in *AMG Capital Management's* ruling, notwithstanding prior Eleventh Circuit precedent and grant the Defendants' partial motion for summary judgment.

### V. The FTC Admits It Is Not Entitled to Monetary Relief in this Case

Indeed, the FTC has repeatedly admitted that *AMG Capital Management* prohibits the FTC from seeking monetary damages in this case. For example, the FTC acknowledged to the Eleventh Circuit that it no longer has authority to seek monetary relief after *AMG Capital Management*. *See FTC v. Burton Katz, et al.*, Nos. 20-10790, 20-10859, Response to Notice of Supplemental Authority (Apr. 27, 2021) ("monetary relief under Section 13(b) of the FTC Act [is] off the table."). Additionally in the FTC's motion for a Temporary Restraining Order in *FTC v. Acquinity Interactive*, it acknowledged the Court has no authority to maintain an asset freeze in this case because the asset freeze was based on a request for monetary relief that is no longer available to the FTC. *See FTC v. Acquinity Interactive et al.*, No. 14-60166, Dkt. No. 380 (Apr. 30, 2021) (Scola, J.).

### VI. The Court Must Grant Partial Summary Judgment in Favor of Defendants.

The question presented by this motion is a purely legal question that has now been answered by the Supreme Court. *AMG*, 141 S. Ct. at 1347, 1352 (referring to whether FTC has authority to obtain monetary relief under Section 13(b) as a "purely legal question"). There is no issue of material fact because the only facts relevant to the Court's analysis are: (1) the FTC seeks equitable monetary relief exclusively under Section 13(b) and, (2) the Supreme Court ruled the

FTC does not have the authority to seek equitable monetary relief under Section 13(b). As such, Defendants are entitled to partial summary judgment on their Affirmative Defenses

## CONCLUSION

The Court should grant summary judgment in favor of the Katz, Levison, Rothman, Sherman, Zangrillo, and Dragon Global Management, LLC's Third Affirmative Defense, Ms. Mahon's Eleventh Affirmative Defense, Waltham Technologies LLC's Ninth Affirmative Defense, and the remaining Corporate Defendants' First Affirmative Defense and bar the FTC from seeking equitable monetary relief.

## CERTIFICATE OF CONFERENCE

On May 19, 2021, I conferred with counsel for the FTC by e-mail regarding the substance of this motion. In response to my request for conference, the FTC stated, "[t]he FTC's position is that Section 13(b) of the FTC Act does not currently authorize monetary remedies, and we therefore do not currently intend to seek monetary damages under Section 13(b)." The FTC also stated that whether it opposes this motion or not will depend on exactly what is said in this motion and what form of relief is sought. Because the only relief sought herein is summary judgment on Defendants' affirmative defenses to the FTC's claims for monetary damages under Section 13(b),

*/s/ Tom Donaho*
Tom Donaho

Dated: May 24, 2021

Respectfully submitted,

/s/ *Robert W. Thielhelm, Jr. Esq.*
ROBERT W. THIELHELM, JR., ESQ.
Florida Bar No. 889679
rthielhelm@bakerlaw.com
BAKER & HOSTETLER, LLP
200 S. Orange Ave., Suite 2300
Orlando, Florida 32801
Telephone: (407)649-4000
Facsimile: (407)841-0168

-and-

Jonathan B. New*
jnew@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200

William Oxley*
woxley@bakerlaw.com
Meghan Kelly*
mkelly@bakerlaw.com
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025

Thomas Donaho*
tdonaho@bakerlaw.com
811 Main Street
Suite 1100
Houston, TX 77002

*Attorneys for Burton Katz, Brent Levison, Elisha Rothman and Christopher Sherman*

/s Marshall Dore Louis
Marshall Dore Louis
Fla. Bar No. 512680
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida 33131
Tel.: (305) 357-8438
E-mail: mlouis@bsfllp.com

Matthew L. Schwartz*

9

John T. Zach*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York
Tel.: (212) 446-2300
E-mail: mlschwartz@bsfllp.com
jzach@bsfllp.com

*Attorneys for Robert Zangrillo, Dragon Global Management LLC, Dragon Global Holdings LLC, Dragon Global LLC, and On Point Capital Partners LLC*

/s Xavier A. Franco, Esq.
McARDLE, PEREZ & FRANCO, P.L.
255 Alhambra Circle, Suite 925
Coral Gables, Florida 33134
Tel: 305-442-2214/Fax: 305-442-2291
xfranco@mcper.com
mmullavey@mcper.com
docketclerk@mcper.com

Xavier A. Franco, Esq.
Florida Bar Number: 0031823
Michael A. Mullavey, Esq.
Florida Bar Number: 0124191
DIFALCO, FERNANDEZ & KAPLAN Co-Counsel for Arlene Mahon and Waltham Technologies, LLC
777 Brickell Avenue, Suite 630
Miami, FL 33131
Tel: 305-569-9800/Fax: 866-569-0666
jkaplan@difalcofernandez.com

*Attorneys for Arlene Mahon and Waltham Technologies, LLC*

/s Kenneth Dante Murena, Esq
Kenneth Dante Murena, Esq.
Florida Bar No. 147486
DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
Email: kmurena@dvllp.com

10

*Attorneys for the Corporate Defendants*

*ADMITTED PRO HAC VICE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>*s/ Robert W. Thielhelm, Jr.*</u>
Robert W. Thielhelm, Jr.