## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.

ON POINT GLOBAL LLC, *et al.*,

     Defendants.

Case No. 19 Civ. 25046 (RNS)

## DEFENDANT ARLENE MAHON'S MOTION FOR SUMMARY JUDGMENT

Defendant Arlene Mahon ("Mahon"), by and through the undersigned counsel and in accordance with Rule 56 of the Federal Rules of Civil Procedure, hereby respectfully moves for final summary judgment against Plaintiff Federal Trade Commission (the "FTC"):

## INTRODUCTION

Via this action, the FTC attempts to hold Mahon, a former non-officer employee of the operational entities that are the subject of the action personally liable for the alleged actions of those entities. However, the FTC has not, and cannot, put forth evidence that Mahon participated directly in the practices or acts complained of, had the authority to control such practices or acts, or even had knowledge of such practices or acts.

## LEGAL STANDARD

A party is entitled to summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "At the outset, the moving party has the burden of demonstrating that there are no genuine issues of material fact, but once that burden is met the burden shifts to the nonmoving party to bring the court's attention to evidence demonstrating a genuine issue for trial. Overcoming that burden requires more than

speculation or a mere scintilla of evidence." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1121-22 (11th Cir. 2014) (internal citations omitted); *see also Celotex*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial"). An issue of fact is material if, under substantive law, it might affect the outcome of the case. *See Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). An issue of fact is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *See id.* "[I]f the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense." *FTC v. Am. Entertainment Distribs., Inc.*, 2012 WL 12964783, at *3 (S.D. Fla. Aug. 31, 2012). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). "Speculation cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment." *Rodriguez v. Branch Banking & Trust Co.*, 2021 U.S. Dist. LEXIS 63606, *11 (S.D. Fla. March 29, 2021) (citing *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005)).

## ARGUMENT

The FTC cannot *genuinely* dispute the facts that Mahon did not actively participate in the allegedly deceptive practices at issue nor *genuinely* dispute that Mahon did not possess the requisite control for individual liability to be imposed upon her. Nor can the FTC demonstrate that Mahon had knowledge of the allegedly deceptive acts. No materials now in the record establish the presence of a genuine dispute as to these issues and the FTC will be unable to produce admissible evidence in support its position. To the contrary, the materials in the record establish

that Mahon did not actively participate in the allegedly deceptive acts, did not possess the requisite control, and did not possess knowledge. Given that the FTC bears the burden of proof at trial and given that no genuine issue exists as to any material fact going to any essential element of the FTC's claims against her, Mahon is entitled to final summary judgment in her favor.

The FTC Act empowers the FTC to prevent "unfair and deceptive acts or practices in or affecting commerce." 15 USCS § 45(a)(1). Deception occurs when (1) defendants make a representation or omission; (2) that is likely to mislead consumers acting reasonably; and (3) that representation or omission is material to consumers' decisions. *See FTC v. Tashman*, 318 F.3d 1273, 1277 (11th Cir. 2003); *FTC v. Transnet Wireless Corp.*, 506 F. Supp.2d 1247, 1266-67 (S.D. Fla. March 20, 2007). Once the liability of a corporate defendant is established, the FTC may establish individual liability under the FTC Act only upon showing that the individual "participated directly in the practices or acts or had the authority to control them." *FTC v. Gem Merch. Corp.*, 87 F.3d 466, 470 (11th Cir. 1996). "The FTC must then demonstrate that the individual had some knowledge of the practices." *FTC v. USA Fin., LLC*, 415 Fed. Appx. 970, 974 (11th Cir. 2011) (quoting *FTC v. Gem Merch. Corp.*, 87 F.3d 466, 470 (11th Cir. 1996)).

Even if the FTC can demonstrate corporate liability, it will be unable to demonstrate individual liability on the part of Mahon. The cases in which individuals were held liable for corporate deceptive acts are in stark contrast to the facts here as they relate to Mahon. *Gem Merch. Corp.* for example involved the principal shareholder and officers of the corporate defendants accused of the deceptive acts who were in fact in charge of the sales practices that were integral to the scheme to deceive the public. 87 F.3d 466, 467-68. They were aware of consumer complaints and credit card chargebacks. *See id.* at 468-70.  Not a single similar fact is present here.  Other cases in which individual liability was found for corporate FTC Act violations evince managerial

control over the deceptive acts themselves and knowledge of the harm to the public.  *See e.g.*

*F.T.C. v. Simple Health Plans LLC*, 379 F. Supp. 3d 1346, 1363 (S.D. Fla. May 14, 2019) (ruling

that a CEO and 99% owner of the corporate defendants could be held liable where he was the

"mastermind" behind the deceptive acts); *F.T.C. v. Ross*, 897 F. Supp. 2d 369, 384 (D. Md. Sept.

24, 2012), aff'd, 743 F.3d  886  (4th  Cir.  2014) (ruling that a defendant who "used her expertise

in marketing and personally approved, developed, wrote, altered, reviewed, and contributed to a

large number of [deceptive ads]" could be personally liable under the FTC Act); ("The FTC can

prove that an individual defendant had control by showing that the individual 'controlled the day-

to-day affairs' of the operation.").  *FTC v. HES Merch. Servs. Co.*, 2014 U.S. Dist. LEXIS 171292

(M.D. Fla. Nov. 18, 2014) (citing *Gem Merch. Corp.*, 87 F.3d at 467).  Mahon's involvement in

the business is a far cry from the control exercised by the defendants above.

Finally, Mahon lacked knowledge of the allegations made by the FTC in their Complaint

with regard to the acts and practices at issue. "To hold an individual personally liable for consumer

redress, the FTC must show a heightened standard of awareness beyond the authority to control."

*TempPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 945 F. Supp. 2d 1331, 1346 FN22 (M.D. Fla.

May 15, 2013) (quoting *F.T.C. v. Freecom Communications, Inc.*, 401 F.3d 1192, 1207 (10th Cir.

2005) ("[t]he FTC may fulfill its burden of showing the individual had actual knowledge of

material misrepresentations, reckless indifference to the truth or falsity of such representations, or

an awareness of high probability of fraud along with an intentional avoidance of the truth")). The

FTC has failed to fulfill its burden because no record evidence exists that Mahon possessed any

awareness of the conduct at issue.

**CONCLUSION**

No rational trier of fact could find for the FTC based on the record. As such, no genuine issue of material fact exists and Mahon is entitled to final summary judgment in her favor and against the FTC.

WHEREFORE, for these good reasons, Defendant Arlene Mahon respectfully requests that this Court enter final summary judgment in her favor and against Plaintiff Federal Trade Commission, along with any other or further relief that the Court deems just and proper under the circumstances.

Respectfully Submitted,

**McARDLE, PEREZ & FRANCO, P.L.**
*Co-counsel for Arlene Mahon and Waltham Technologies, LLC*
255 Alhambra Circle, Suite 925
Coral Gables, Florida 33134
Tel: 305-442-2214/Fax: 305-442-2291
xfranco@mcper.com
mmullavey@mcper.com
docketclerk@mcper.com

**DIFALCO, FERNANDEZ & KAPLAN**
Co-*Counsel for Arlene Mahon and Waltham Technologies, LLC*
777 Brickell Avenue, Suite 630
Miami, FL 33131
Tel: 305-569-9800/Fax: 866-569-0666
jkaplan@dfkfirm.com

By:     */s/ Xavier A. Franco*
        Xavier A. Franco, Esq.
        Florida Bar Number: 0031823
        Justin Kaplan, Esq.
        Florida Bar Number: 33725
        Michael A. Mullavey, Esq.
        Florida Bar Number: 0124191

**CERTIFICATE OF SERVICE**

5

I HEREBY CERTIFY that on June 7, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By:     */s/ Xavier A. Franco*
Xavier A. Franco, Esq.
Florida Bar Number: 0031823