UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-CV-25046-SCOLA

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

ON POINT GLOBAL, ET AL.,

        Defendants.

**DEFENDANTS KATZ, ROTHMAN, AND LEVISON'S
NOTICE REGARDING FURTHER BRIEFING**

On August 13, 2021, this Court issued orders in the above-captioned matter (the "*On Point Action*") and in the related case *FTC v. Acquinity Interactive, LLC, et al.*, No. 14-CV-60166 (S.D. Fla.) (the "*Acquinity Action*"). The Court in the *Acquinity Action* (ECF No. 175) issued a preliminary injunction, including an asset freeze and receivership, against Defendants Burton Katz, Elisha Rothman, and Brent Levison and various entities, predicated on allegations by the Federal Trade Commission ("FTC") of contempt of the consent decree entered in that case. In the *On Point Action*, the Court, in relevant part, denied in part the motion of Messrs. Katz, Rothman, and Levison to dissolve the asset freeze in that case, concluding that the motion was "moot, consistent with the Court's order in the *Acquinity Matter*." ECF No. 484 at 2 (emphasis omitted). The Court, however, did not resolve the outstanding motion of Messrs. Katz, Rothman, and Levison to wind up the receivership and dissolve the asset freeze in the *On Point Action*. *Id.* It advised the parties to "advise the Court if they wish to submit supplemental briefing detailing how the Court's recent rulings impact the relief sought." *Id.*

Messrs. Katz, Rothman, and Levison hereby respond to that order and, in addition, provide their briefing positions in addition to those made in their prior briefing in support of their motion to dissolve the asset freeze and wind up the receivership. The Court's order in the *Acquinity Action* does not resolve, or adequately address, the following issues raised in the outstanding motion to wind up the receivership and dissolve the asset freeze. For the following reasons, in addition to

1

those raised in prior briefing, the asset freeze should be dissolved and the receivership should be wound up.

1. A receivership is not proper in the *Acquinity Action* as a form of provisional relief where the FTC will ultimately seek monetary remedies for contempt. Setting aside the problems pertaining to asset freezes that have previously been briefed (and which apply equally to receiverships), "the appointment of a receiver is in the nature of a proceeding in rem." 12 C. Wright & A. Miller, Federal Practice and Procedure § 2985 (3d ed. 2008); *see also Piambino v. Bailey*, 757 F.2d 1112, 1131–32 & n.46 (11th Cir. 1985). A contempt proceeding, by contrast, is an *in personam* proceeding that does not create a recognized interest in property. *See, e.g.*, *Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 888, 907 (11th Cir. 1997). Stated differently, even if the FTC may ultimately win a money judgment, the FTC does not have a current property interest necessary to justify a receivership. Furthermore, a receivership is not "of the same character as that which may be granted finally" at the end of the case, and it is therefore inappropriate as provisional relief. *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Case law holding otherwise under the FTC Act is obsolete under *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021).

2. The receivership is not justified under the circumstances before the Court. A receivership is "imposed only where no lesser relief will be effective." *Ferguson v. Tabah*, 288 F.2d 665, 674 (2d Cir. 1961). The Court in the *Acquinity Action* already issued a comprehensive asset freeze, and no findings have been made (or could be made) that the asset freeze and other provisions of the preliminary injunction are insufficient to achieve a supposed need to preserve assets without the additional relief of a receivership.

3. Even if a receivership in the *Acquinity Action* is justified, there is no justification for the receivership in the *On Point Action*. The *On Point Action* relies solely on Section 13(b) of the FTC Act, and there is no legitimate basis for an *in rem* remedy in the absence of a right to monetary recovery. *Piambino*, 757 F.2d at 1131; *Netsphere, Inc. v. Baron*, 703 F.3d 296, 310 (5th Cir. 2012); *cf. De Beers*, 325 U.S. at 220 (same rule as to asset freezes). The Court should, in all events, dissolve the *On Point Action* receivership and rely solely on the receivership imposed in the *Acquinity Action* (if at all). Doing so is essential to clarify which precise order governs the

receivership and would also clarify issues for further review, if applicable. The same principle applies to the *On Point Action* asset freeze, which should be dissolved.[1]

Messrs. Katz, Rothman, and Levison do not see the need for further briefing on their outstanding motions to dissolve the asset freeze and wind up the receivership. That motion should be granted for reasons previously briefed and those stated above. Messrs. Katz, Rothman, and Levison will, however, provide further briefing if invited by the Court or if such filings are necessary based on filings by the FTC.

Dated: August 19, 2021                                        Respectfully submitted,

/s/ *Robert W. Thielhelm*
ROBERT W. THIELHELM, JR., ESQ.
Florida Bar No. 889679
rthielhelm@bakerlaw.com
BAKER & HOSTETLER, LLP
200 S. Orange Ave., Suite 2300
Orlando, Florida 32801
Telephone: (407)649-4000
Facsimile: (407)841-0168

-and-

Linda Goldstein*
lgoldstein@bakerlaw.com
Jonathan B. New*
jnew@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200

William Oxley*
woxley@bakerlaw.com
Meghan Kelly*
mkelly@bakerlaw.com
11601 Wilshire Boulevard

---

[1] The individual defendants' motion seeking relief from the asset freeze in the *On Point Action* (ECF 369) is not moot as to the Contempt Defendants simply because a separate asset freeze has been entered in the *Acquinity Action*. An asset freeze in the *On Point Action* remains improper for the reasons previously stated in defendants' briefing, including because the FTC cannot recover monetary damages in the *On Point Action*.

3

        Suite 1400
        Los Angeles, CA 90025

        Thomas Donaho*
        tdonaho@bakerlaw.com
        811 Main Street
        Suite 1100
        Houston, TX 77002

        *ADMITTED PRO HAC VICE

        ***Attorneys for Burton Katz, Brent Levison,***
        ***Elisha Rothman and Christopher Sherman***