United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Federal Trade Commission,<br>Plaintiff,<br><br>v.<br><br>On Point Global LLC and others,<br>Defendants. | )<br>)<br>)<br>) Civil Action No. 19-25046-Civ-Scola<br>)<br>)<br>) |

### Order Granting Receiver's Motion for Partial Discharge

This cause came before the Court upon the Motion for Partial Discharge and to Convert to a Limited Receiver (ECF No. 639) (the "Motion"), filed by Melanie E. Damian, as Receiver for On Point Global LLC, *et al.* ("On Point"). Defendants Brent Levison and Burton Katz responded to the Motion, supporting the Receiver's requested relief and requesting that the Court lift the asset freeze on them and their companies.[1] (ECF No. 643.) No other parties have responded to the Motion. The Court held a hearing on the relief requested in the Motion on December 1, 2022, which the parties attended. The Court, having reviewed the Motion, heard oral argument from the parties, and being otherwise fully advised in the premises therein, **grants** the Motion. (**ECF No. 639**.)

Accordingly, it is **ORDERED AND ADJUDGED** that:
(1) The Motion is **GRANTED**.
(2) The Receiver had through and including November 17, 2022, to provide notice of disallowed claims and of the reconsideration process to all claimants whose claims have been disallowed. The claimants will have through and including December 17, 2022, to submit their requests for reconsideration to the Receiver. All other deadlines will be extended accordingly, as provided in pages 12-13 of the Receiver's Motion to Approve the Claims Process at ECF No. 569.
(3) The Receiver is partially discharged from her role as Receiver and is converted to a Limited Receiver over On Point within five days from the entry of this Order. The Receiver shall turn over all operational control and operating accounts, thereby converting the current Receivership Estate into a Limited Receivership Estate.

---

[1] Defendants Burton and Katz filed their response on behalf of themselves and their companies: BAL Family LP; Cardozo Holdings, LLC; and Bronco Family Holdings LP. (*Id.*)

(4) The Receiver and her professionals are hereby held harmless from and relieved of any and all liabilities (other than for acts involving a finding by the Court of malfeasance, bad faith, gross negligence, or reckless disregard of their duties) to any person or entity for their good faith compliance with their duties and responsibilities as Receiver or in their capacity as the Receiver's professionals, including without limitation any and all liabilities, claims, demands, or legal proceedings arising from or relating to any and all duties, acts, and transactions of the Receiver or her professionals pursuant to or in connection with the Appointment Order or other Orders of this Court.

(5) The Court hereby ratifies, confirms, and approves the Receiver's acts (other than for acts involving a finding by the Court of malfeasance, bad faith, gross negligence, or reckless disregard of their duties) as being correct and proper and in the best interest of the Receivership Estate, the investors and creditors of the Estate and of On Point, the customers of On Point, the claimants of the Claims Process, and the parties to this action, all of the Receiver's and her professionals' acts and transactions during the time the Receiver served as Receiver in this case, including without limitation those disclosed by the pleadings, reports, applications and other papers filed with this Court.

(6) The Limited Receiver is authorized to retain $11,100,000 in the fiduciary Reserve Account (as defined in the Motion) and to transfer the remaining balance from that fiduciary account to On Point's operating account. The transfer of the remaining balance to On Point's operating account shall take place after the conclusion of the claims reconsideration process once the Receiver has made her final determinations on claims and determined that there are sufficient funds in the fiduciary account to pay the distributions to claimants holding allowed claims.

(7) The Limited Receiver is authorized to oversee and use the $11,100,000 in funds retained in the Reserve Account, as provided in her Motion, first and foremost to complete the Claims Process and send all distributions to claimants.  In addition, as Limited Receiver, the Receiver is authorized to continue to prosecute the Estate's claims for legal malpractice (the "Legal Malpractice Action") that arose out of the conduct that formed the basis of the FTC Action.  The Court finds that the claims asserted therein are assets of the Receivership Estate and shall remain an asset of the Limited Receivership Estate, such that the Limited Receiver shall have all decision-making authority for the litigation and the Court's protections regarding such work.  This includes litigation strategy, without interference from any stakeholder, including when and for how much to resolve the case and/or whether to proceed to trial.

(8)  The Limited Receiver is authorized to engage counsel, which includes the law firm of Damian & Valori LLP, and may also include the Cimo Mazer firm, on a contingency fee basis.  In particular, the Receiver's counsel shall be entitled to contingency fees of thirty-three percent (33%) of all gross Recoveries by the Receivership Estate from the Legal Malpractice Action.  A reserve fund of $250,000 shall be set aside for the purpose of advancing out-of-pocket costs.  The Limited Receiver is also authorized to advance actual costs, as they arise, for the Legal Malpractice Action from the $250,000 retained in the Reserve Account for that purpose.  The Limited Receiver shall seek Court approval of all such funds expended at the conclusion of the Legal Malpractice Action.

(9)  Upon the conclusion of the Legal Malpractice Action, whether by Court-approved settlement or final judgment, the Limited Receiver shall, within 30 days thereof, file a final status report and fee application and seek a full discharge of her role and termination of the Receivership Estate.

**DONE AND ORDERED** at Miami, Florida, on December 1, 2022.

_____
Robert N. Scola, Jr.
United States District Judge